## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| WESCO INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 17-cv-1813-DCN |
| RODERICK LINTON & BELFANCE LLP, | ) | |
| JASON D. WALLACE, DANIEL R. BACHE, | ) | Judge Donald C. Nugent |
| KRISTOPHER IMMEL, AKRON BOARD OF | ) | |
| EDUCATION, SOLON CITY SCHOOL | ) | |
| DISTRICT BOARD OF EDUCATION, | ) | **FIRST AMENDED COMPLAINT** |
| CLEVELAND HEIGHTS – UNIVERSITY | ) | **FOR DECLARATORY JUDGMENT** |
| HEIGHTS CITY SCHOOL DISTRICT BOARD | ) | |
| OF EDUCATION, and NORDONIA HILLS | ) | |
| CITY SCHOOL DISTRICT BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

Wesco Insurance Company, for its First Amended Complaint for Declaratory Judgment against Roderick Linton Belfance, LLP, Jason D. Wallace, Daniel R. Bache, Kristopher Immel, Akron Board of Education, Solon City School District Board of Education, Cleveland Heights – University Heights City School District Board of Education and Nordonia Hills City School District Board of Education, alleges as follows:

## NATURE OF THE ACTION

1.      Wesco Insurance Company ("Wesco") seeks a declaration that it does not owe a duty to defend or indemnify Roderick Linton Belfance, LLP (the "Roderick Firm"), Jason D. Wallace ("Wallace"), Daniel R. Bache ("Bache") or Kristopher Immel ("Immel") under two Lawyers Professional Liability insurance policies issued to the Roderick Firm with respect to five lawsuits filed in the United States District Court for the Northern District of Ohio, entitled *Akron Board of Education v. Jason D. Wallace, et al.*, Case No. 5:16-cv-0188 (the "Akron Lawsuit"),

*Nordonia Hills City School District Board of Education, et al. v. Jason D. Wallace, et al.*, Case No. 16-cv-1973 (the "Nordonia Hills Lawsuit"), *Solon City School District Board of Education, et al. v. Jason D. Wallace, et al.*, Case No. 5:16-cv-2847 (the "Solon Lawsuit"), *Cleveland Heights – University Heights City School District Board of Education v. Jason D. Wallace, et al.*, Case No. 5:17-cv-0553 (the "Cleveland Heights (H.S.) Lawsuit") and *Cleveland Heights – University Heights City School District Board of Education v. Jason D. Wallace, et al.*, Case No. 5:17-cv-0883 (the "Cleveland Heights (Ayan) Lawsuit").

## THE PARTIES

2. Wesco is a Delaware corporation with its principal place of business in New York.

3. The Roderick Firm is a limited liability partnership located in Akron, Ohio.

4. Wallace is a citizen of Ohio.

5. Bache is a citizen of Ohio.

6. Immel is a citizen of Ohio.

7. Akron Board of Education (the "Akron Board") is a governmental entity, organized under the laws of the State of Ohio, located in Akron, Ohio.

8. Nordonia Hills City School District Board of Education (the "Nordonia Hills Board") is a governmental entity, organized under the laws of the State of Ohio, located in Northfield, Ohio.

9. Solon City School District Board of Education (the "Solon Board") is a governmental entity, organized under the laws of the State of Ohio, located in Solon, Ohio.

10. Cleveland Heights – University Heights City School District Board of Education (the "Cleveland Heights Board") is a governmental entity, organized under the laws of the State of Ohio, located in University Heights, Ohio.

2

11.     The Akron Board, Nordonia Hills Board, Solon Board and Cleveland Heights Board are named herein because they may have an interest in the subject matter of this action. Wesco seeks no relief from the Akron Board, Nordonia Hills Board, Solon Board or Cleveland Heights Board other than to bind them to the outcome of this insurance coverage dispute.

## JURISDICTION AND VENUE

12.     This action is brought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332. Wesco is a citizen of Delaware and New York and the Defendants are citizens of Ohio.

13.     An actual controversy exists between Wesco, on the one hand, and the Defendants, on the other hand, regarding the existence of insurance coverage in connection with the Akron Lawsuit, Nordonia Hills Lawsuit, Solon Lawsuit, Cleveland Heights (H.S.) Lawsuit and Cleveland Heights (Ayan) Lawsuit.

14.     The amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of costs, interest and attorney's fees. The claimants in the Akron Lawsuit, Nordonia Hills Lawsuit, Solon Lawsuit, Cleveland Heights (H.S.) Lawsuit and Cleveland Heights (Ayan) Lawsuit seek relief from the Roderick Firm, Wallace, Bache and Immel in an amount in excess of $75,000.

15.     Venue is appropriate in this District under 28 U.S.C. § 1391 because the Defendants reside in this District and the insurance policy which forms the basis of this dispute was delivered to the Roderick Firm in this District.

## THE UNDERLYING LAWSUITS

### A.     *The Akron Lawsuit*

16.     On January 26, 2016, the Akron Board filed its "Complaint for Recovery of Fees Pursuant to the Individuals with Disabilities Education Act (IDEA)" against the Roderick Firm, Wallace and Bache in the Akron Lawsuit. (A copy of the complaint is attached hereto as **Exhibit A**).

3

17.     On February 7, 2017, the Akron Board filed a first amended complaint in the Akron Lawsuit. (A copy of the first amended complaint is attached hereto as **Exhibit B**).

18.     The Akron Board alleges that Wallace, Bache and the Roderick Firm filed an IDEA due process complaint on December 15, 2014 on behalf of the parents of J.B. against the Akron Board which asserted that the Akron City School District failed to provide the student with a free appropriate public education and failed to protect the student despite the fact that he suffers from several disabilities.

19.     The Akron Board alleges that the December 15, 2014 IDEA due process complaint was frivolous, unreasonable and without foundation and that the claims asserted therein were based on factually erroneous allegations.

20.     The Akron Board alleges that, on March 25, 2015, the Impartial Hearing Officer granted the Akron Board's motion for a directed verdict on certain issues and, on June 11, 2015, issued a decision in favor of the Akron Board of every claim and dismissing the December 15, 2014 IDEA due process complaint.

21.     The Akron Board alleges that the Impartial Hearing Officer found that the December 15, 2014 due process complaint was "hastily thrown together" with "very little thought, research or preparation" and that the Impartial Hearing Officer was "profoundly disturbed" by errors in the pleading.

22.     The Akron Board alleges Wallace, Bache and the Roderick Firm appealed the Impartial Hearing Officer's decision to the Ohio Department of Education for State Level Review which affirmed the decision on November 9, 2015.

23.     The Akron Board alleges that Wallace, Bache and the Roderick Firm filed an appeal with the Common Pleas Court and that the appeal was then removed to this District.

24.     The Akron Board alleges that Wallace and Bache left the Roderick Firm on May 1, 2016 and continued to represent the parents of J.B. against the Akron Board with their new law firm, Wallace & Bache, LLC (the "Wallace Firm").

25.     The Akron Board alleges that Wallace, Bache and the Wallace Firm filed frivolous motions containing misstatements of law and fact as well as two additional IDEA due process complaints on behalf of the parents of J.B.

26.     Count I of the Akron Lawsuit seeks recovery of fees, including attorney's fees, pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) for work performed by the Akron Board performed between December 17, 2014 and May 1, 2016 because Wallace, Bache and the Roderick Firm filed a frivolous and meritless due process complaint that contained false statements and continued to litigation the due process complaint against the Akron Board after the litigation clearly became frivolous, unreasonable and/or without foundation.

27.     Count II of the Akron Lawsuit seeks recovery of fees, including attorney's fees, pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) for work performed by the Akron Board for work performed between May 1, 2016 and the present because Wallace, Bache and the Wallace Firm continued to litigate the underlying due process complaint against the Akron Board with full knowledge that the complaint lacked any merit and continued to litigate even though the complaint was frivolous, unreasonable and/or without foundation.

28.     Wesco denied coverage for the original complaint filed in the Akron Lawsuit.

29.     Wesco denied coverage for the amended complaint filed in the Akron Lawsuit.

**B.      *The Nordonia Hills Lawsuit***

30.     On August 5, 2016, the Nordonia Hills Board and Hylant Administrative Services, LLC filed their "Complaint for Recovery of Fees Pursuant to the Individuals with Disabilities

Education Act (IDEA)" against the Roderick Firm, Wallace and Bache in the Nordonia Hills Lawsuit.  (A copy of the complaint is attached hereto as **Exhibit C**).

31.     The Nordonia Hills Board alleges that Wallace, Bache and the Roderick Firm filed an IDEA due process complaint on May 5, 2015 on behalf of R.C. and his parents against the Nordonia Hills Board and subsequently filed amended due process complaints on May 13, 2015 and September 17, 2015.

32.     The Nordonia Hills Board alleges that each of the due process complaints filed by Wallace, Bache and the Roderick Firm were frivolous, unreasonable and without foundation and that the claims identified in the due process complaints were based on factually erroneous allegations.

33.     The Nordonia Hills Board alleges that Wallace, Bache and the Roderick Firm knew, at the time each complaint was filed, that the first request for an evaluation of R.C. was received by the Nordonia Hills Board after R.C.'s March 3, 2015 violation of the Student Code of Conduct and, therefore, he was not eligible for the protections of the IDEA.

34.     The Nordonia Hills Board alleges that at the time each complaint was filed requesting an evaluation of R.C., Wallace, Bache and the Roderick Firm knew that the Nordonia Hills Board had already offered to conduct an evaluation but the parent had not responded to their offer.

35.     The Nordonia Hills Board alleges that the September 17, 2015 IDEA due process second amended complaint contained many inaccurate and false allegations and allegations that were completely irrelevant to and not cognizable under the IDEA.

36.     The Nordonia Hills Board alleges that Wallace and Bache failed to timely and appropriately produce copies of exhibits as ordered by the Impartial Hearing Officer, failed to

make themselves available for scheduled hearings, filed frivolous motions, failed to properly investigate their claims and were unable to articulate petitioners' claims against the Nordonia Hills Board.

37.     The Nordonia Hills Board alleges that on May 2, 2016 the Impartial Hearing Officer issued a final decision in favor of the Nordonia Hills Board on all claims.

38.     The Nordonia Hills Board alleges that the Impartial Hearing Officer's May 2, 2016 decision makes clear that there was no evidentiary support for the claims and defenses brought by Wallace, Bache and the Roderick Firm.

39.     The Nordonia Hills Board alleges that Wallace and Bache left the Roderick Firm around this time and continued to represent the parents of R.C. against the Nordonia Hills Board with the Wallace Firm even after it was obvious that their claims were meritless, frivolous, unreasonably and without foundation.

40.     The Nordonia Hills Board alleges that Wallace, Bache and the Wallace Firm filed an appeal of the Impartial Hearing Officer's decision on June 15, 2016.

41.     The Nordonia Hills Board alleges that the State Level Review Officer issued an order dismissing the appeal on July 7, 2016.

42.     Count I of the Nordonia Hills Lawsuit seeks to recover fees, including attorney's fees, pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) for work performed in relating to the filing and defense of due process complaints and for work performed in continued litigation after it became frivolous, unreasonable, without foundation and presented for improper purpose.

43.     On December 21, 2016, the Roderick Firm withdrew its tender to Wesco for defense and indemnity of the Nordonia Hills Lawsuit.

C.      *The Solon Lawsuit*

44.      On November 22, 2016, the Solon Board and Liberty Mutual filed their "Complaint for Recovery of Fees Pursuant to the Individuals with Disabilities Education Act (IDEA)" against the Roderick Firm, Wallace and Bache in the Solon Lawsuit.  (A copy of the complaint is attached hereto as **Exhibit D**).

45.      The Solon Board alleges that Wallace, Bache and the Roderick Firm filed an IDEA due process complaint on April 14, 2015 on behalf of K.M. and her parents against the Solon Board.

46.      The Solon Board alleges that the April 14, 2015 IDEA due process complaint was entirely without merit and that the student was not identified as or suspected to be a child with a disability at the time the April 14, 2015 IDEA due process complaint was filed.

47.      The Solon Board alleges that it filed a response to the April 14, 2015 IDEA due process complaint on April 24, 2015 and placed the student's parents, Wallace, Bache and the Roderick Firm on notice of its intent to seek fees under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (II).

48.      The Solon Board alleges that, after it evaluated K.M. and concluded that K.M. was not a student with a disability under the IDEA, it filed a due process complaint with the Ohio Department of Education on July 21, 2015.

49.      The Solon Board alleges that Wallace, Bache and the Roderick Firm filed a response to the July 21, 2015 due process complaint which contained numerous statements that were known or should have been known by Wallace, Bache and the Roderick Firm to be false.

50.      The Solon Board alleges that Wallace, Bache and the Roderick Firm re-filed the April 14, 2015 IDEA due process complaint on August 24, 2015 which contained factual allegations that were or should have been known to be false and including allegations and requests

8

for relief which Wallace, Bache and the Roderick Firm knew or should have known did not fall within the jurisdiction of the Impartial Hearing Officer.

51.     The Solon Board alleges that on April 29, 2016 the Impartial Hearing Officer issued a final decision in favor of the Solon Board on all claims.

52.     The Solon Board alleges that the Impartial Hearing Officer's April 29, 2016 decision found that there was no evidentiary support for the claims and defenses brought by Wallace, Bache and the Roderick Firm and that their conduct during the proceedings was inappropriate, unprofessional and served only to protract and inflate the costs of the hearing.

53.     The Solon Board alleges that Wallace and Bache left the Roderick Firm on May 1, 2016 and continued to represent the parents of K.M. against the Solon Board with the Wallace Firm.

54.     The Solon Board alleges that Wallace, Bache and the Wallace Firm filed an appeal of the Impartial Hearing Officer's decision on June 13, 2016.

55.     The Solon Board alleges that the brief filed by Wallace, Bache and the Wallace Firm in the appeal failed to set forth facts or law to support the appeal and misstated facts and raised false claims.

56.     The Solon Board alleges that the State Level Review Officer issued a decision in the appeal on November 7, 2016 which upheld the Impartial Hearing Officer's final decision and found that certain of Wallace, Bache and the Wallace Firm's claims in the appeal were without merit or reasonable basis.

57.     Count I of the Solon Lawsuit seeks to recover fees, including attorney's fees, pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) for work performed in relating to the filing

and defense of due process complaints and for work performed in continued litigation after it became frivolous, unreasonable, without foundation and presented for improper purpose.

58.     Wesco denied coverage for the Solon Lawsuit.

**D.     *The Cleveland Heights (H.S.) Lawsuit***

59.     On March 16, 2017, the Cleveland Heights Board filed their "Complaint for Recovery of Fees Pursuant to the Individuals with Disabilities Education Act (IDEA)" against the Roderick Firm, Wallace and Bache in the Cleveland Heights (H.S.) Lawsuit.  (A copy of the complaint is attached hereto as **Exhibit E**).

60.     The Cleveland Heights Board alleges that Wallace, Bache and the Roderick Firm filed an IDEA due process complaint on February 23, 2015 on behalf of H.S. and his parent against the Cleveland Heights Board.

61.     The Cleveland Heights Board alleges that the February 23, 2015 IDEA due process complaint was entirely without merit and that the student was not identified as or suspected to be a child with a disability at the time the February 23, 2015 IDEA due process complaint was filed.

62.     The Cleveland Heights Board alleges that it agreed to the parent's demand and, on June 4, 2015, began developing a Section 504 plan for H.S. but, before the plan could be completed, H.S. and his parent moved out of the school district and transferred schools.

63.     The Cleveland Heights Board alleges that, despite H.S.'s transfer, Wallace, Bache and the Roderick Firm continued to litigate the due process complaint, which contained false or inaccurate allegations regarding the Cleveland Heights Board's evaluation of H.S. and purported failure to provide educational records and other information.

64.     The Cleveland Heights Board alleges that on July 22, 2016 the Impartial Hearing Officer issued a final decision in favor of the Cleveland Heights Board on all claims.

65.     The Cleveland Heights Board alleges that Wallace and Bache left the Roderick Firm and continued to represent the parents of H.S. against the Cleveland Heights Board with the Wallace Firm.

66.     The Cleveland Heights Board alleges that Wallace, Bache and the Wallace Firm filed an appeal of the Impartial Hearing Officer's decision on August 31, 2016 and also filed improper requests for reconsideration.

67.     The Cleveland Heights Board alleges that the State Level Review Officer issued a decision in the appeal on November 16, 2016 which upheld the Impartial Hearing Officer's final decision and found that there was no basis to suspect that H.S. had a disability.

68.     Count I of the Cleveland Heights (H.S.) Lawsuit seeks to recover fees, including attorney's fees, and other costs pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) for work performed in relating to the filing and defense of due process complaints and for work performed in continued litigation after it became frivolous, unreasonable, without foundation and presented for improper purpose.

69.     Wesco denied coverage for the Cleveland Heights (H.S.) Lawsuit.

**E.      *The Cleveland Heights (Ayan) Lawsuit***

70.     On April 25, 2017, the Cleveland Heights Board filed their "Complaint for Recovery of Fees Pursuant to the Individuals with Disabilities Education Act (IDEA)" against the Roderick Firm, Wallace and Bache in the Cleveland Heights (Ayan) Lawsuit.  (A copy of the complaint is attached hereto as **Exhibit F**).

71.     The Cleveland Heights Board alleges that Wallace, Bache and the Roderick Firm filed IDEA due process complaints on February 9, 2015 and May 27, 2015 on behalf of Ayan

against the Cleveland Heights Board. The May 27, 2015 due process complaint was amended on June 7, 2015.

72.     The Cleveland Heights Board alleges that the IDEA due process complaints were entirely without merit and that the student was not identified as or suspected to be a child with a disability at the time the due process complaints were filed.

73.     The Cleveland Heights Board alleges that it notified Ayan, Wallace, Bache and the Roderick Firm of its intent to seek fees in its February 23, 2015 and March 27, 2015 filings.

74.     The Cleveland Heights Board alleges that it agreed to the Ayan's demand to develop a Section 504 plan for H.S. but that Ayan graduated before the plan could be completed.

75.     The Cleveland Heights Board alleges that on September 24, 2016 the Impartial Hearing Officer issued a final decision in favor of the Cleveland Heights Board on all claims.

76.     The Cleveland Heights Board alleges that Wallace and Bache left the Roderick Firm and continued to represent the parents of H.S. against the Cleveland Heights Board with the Wallace Firm.

77.     The Cleveland Heights Board alleges that Wallace, Bache and the Wallace Firm filed an appeal of the Impartial Hearing Officer's decision on November 11, 2016.

78.     The Cleveland Heights Board alleges that the State Level Review Officer issued a decision in the appeal on January 25, 2017 which upheld the Impartial Hearing Officer's final decision and found that Ayan's arguments were not supported by any relevant evidence.

79.     Count I of the Cleveland Heights (Ayan) Lawsuit seeks to recover fees, including attorney's fees, and other costs pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) for work performed in relating to the filing and defense of due process complaints and for work performed

in continued litigation after it became frivolous, unreasonable, without foundation and presented for improper purpose.

80.     Count II of the Cleveland Heights (Ayan) Lawsuit asserts a claim against the Roderick Firm for failing to properly supervise Wallace and Bache during the litigation, resulting in the Cleveland Heights Board's claims under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III).

81.     Wesco denied coverage for the Cleveland Heights (Ayan) Lawsuit.

## THE WESCO POLICIES

82.     Wesco issued a claims-made Lawyers Professional Liability Policy, number WPP1096239 01, to the Roderick Firm for the policy period June 14, 2015 to June 14, 2016 (the "2015 Policy"). (A copy of the 2015 Policy is attached as **Exhibit G**).

83.     Wesco issued a claims-made Lawyers Professional Liability Policy, number WPP1096239 02, to the Roderick Firm for the policy period June 14, 2016 to June 14, 2017 (the "2016 Policy"). (A copy of the 2016 Policy is attached as **Exhibit H**).

84.     The 2015 Policy and 2016 Policy contain the following Insuring Agreement:

### I.     INSURING AGREEMENT

A.     **Coverage**

The **Company** will pay on behalf of the **Insured** sums in excess of the deductible that the **Insured** shall become legally obligated to pay as **damages** because of a **claim** that is first made against the **Insured** and reported to the **Company** during the **policy period** or any Extended Reporting Period arising out of an act or omission in the performance of **legal services** by the **Insured** or by any person for whom the **Insured** is legally liable, provided that:

1.     prior to the inception date of the **policy period**, the **Insured** did not give notice under any other insurance policy of such **claim** or **related claim** or such act or omission or **related act or omission**; and

2.     prior to the inception date of the first policy, or if this policy has been continuously renewed, prior to the inception date of the first policy issued by the Company, no **Insured** knew of or could reasonably have foreseen that any such act or omission, or **related act or omission**, might be expected to be the basis of a **claim**.

13

The **Company** shall also pay **claim expenses** in connection with such **claim**.

85.     The 2015 Policy and 2016 Policy contains the following definitions:

"**Claim**" means a written or verbal demand received by the **Insured** for money or services arising out of an act or omission, including **personal injury**, in rendering or failing to render **legal services**. A demand shall include the service of suit or the institution of an arbitration proceeding against the **Insured**.

*        *        *

"**Damages**" means judgments, awards and settlement if negotiated with the assistance and approval of the Company. **Damages** do not include:

*        *        *

3.      civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing;

*        *        *

"**Insured**" means the **Named Insured**, **predecessor firm** and the persons or entities described below:

1.      Any lawyer, partnership, professional corporation, professional association, limited liability corporation or limited liability partnership who is or becomes a partner, officer, director, stock-holder employee, associate, manager, member or salaried employee of the **Named Insured** during the **policy period** shown in the Declarations;

"**Legal services**" mean:

1.      those services performed by an **Insured** for others as a lawyer, arbiter, mediator, title agent, a notary public, or member of a bar association, ethics, peer review or similar professional board or committee but only if such services are performed for a fee that inures to the benefit of the **Named Insured** except that no fee need inure to the **Named Insured** where eleemosynary (pro bono) services are performed and approved by the **Named Insured**. Any title agency or company, on whose behalf the **Insured** acts as title agent or designated issuing attorney, is not an **Insured** under this Policy;

*        *        *

"**Related act or omission**" means all acts or omissions in the rendering of **legal services** that are temporally, logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision.

"**Related claim**" means all **claims** arising out of a single act or omission or arising out of **related acts or omissions** in the rendering of **legal services**.

14

86.    The 2015 Policy and 2016 Policy contain the following exclusion:

This Policy does not apply:

A.    to any **claim** based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an **Insured**, however, the **Company** shall provide the **Insured** with a defense of any **claim** based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an Insured until the dishonest, fraudulent, criminal or malicious act or omission has been determined by adjudication, including regulatory ruling against or admission by such **Insured**; but providing such a defense will not waive any of the **Company's** rights under this policy;

87.    The 2015 Policy and 2016 Policy each contain the following "Multiple

Insureds, claims and claimants" provision:

. . . If **related claims** are subsequently made against the **Insured** and reported to the **Company** during the **policy period** or any subsequent renewal or Extended Reporting Period, all such **related claims**, whenever made, shall be considered a single claim first made and reported to the **Company** during the **policy period** in which the earliest of the **related claims** was first made and reported to the **Company**.

88.    The 2015 Policy and 2016 Policy each contain the following "Other

Insurance" provision:

If there is other insurance that applies to the **claim**, this insurance shall be excess over such other valid and collectible insurance whether such insurance is stated to be primary, contributory, excess, contingent or otherwise. This does not apply to insurance that is purchased by the **Named Insured** specifically to apply in excess of this Policy.

89.    The 2015 Policy contains the following endorsement entitled "Retroactive

Date Limitation Endorsement – Individual" which states as follows:

It is agreed that this policy shall not apply to **claims** arising out of acts or omissions or **related acts or omissions** in the rendering of or the failure to render **legal services** that occurred prior to the Retroactive Date for the **Insured(s)** listed below…

| **Insured** | **Retroactive Date** |
| --- | --- |
| … | |
| Bache, Daniel R. | January 15, 2015 |

15

## COUNT I

## WESCO HAS NO DUTY TO DEFEND OR INDEMNIFY THE RODERICK FIRM, WALLACE, OR BACHE WITH RESPECT TO THE AKRON LAWSUIT UNDER THE 2015 POLICY

90.     Wesco incorporates by reference and realleges the allegations of paragraphs 1 through 89 as though fully set forth herein.

91.     Pursuant to the 2015 Policy's Insuring Agreement, the 2015 Policy applies to a claim for damages first made against an Insured during the policy period, arising out of an act or omission in the performance of legal services by an Insured or by any person for whom an Insured is legally liable, provided that prior to the inception date of the policy no Insured knew or could reasonably have foreseen that any such act or omission, or related act or omission, might be expected to be the basis of a claim.

92.     All "related claims" are considered a single claim first made and reported to Wesco during the policy period in which the earliest of the "related claims" was first made and reported to Wesco.

93.     The amended complaint in the Akron Lawsuit arises out of the same acts or omissions or "related acts or omissions" as those alleged in the original complaint filed by the Akron Board and, therefore, the original complaint and amended complaint are considered a single claim first made during the period of the 2015 Policy.

94.     The Policy definition of Damages does not include civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing.

95.     The Akron Lawsuit seeks sanctions or penalties against the Roderick Firm, Wallace, and Bache and, accordingly, the relief sought by Akron does not constitute damages under the 2015 Policy and no coverage applies.

16

96.     In the event any Insured prior to June 14, 2015 knew or reasonably could have foreseen that the acts or omissions alleged in the Akron Lawsuit, or related acts or omissions, might be expected to be the basis of a claim no coverage applies.

97.     To the extent the Akron Lawsuit concerns acts or omissions of Wallace and Bache with respect to entities or enterprises other than the Roderick Firm, including the Wallace Firm, no coverage is available under the 2015 Policy.

98.     Exclusion A applies to preclude coverage with respect to allegations that the Roderick Firm, Wallace, or Bache committed any dishonest, fraudulent, criminal or malicious act or omission.

99.     Pursuant to the Retroactive Date Limitation Endorsement – Individual, no coverage applied to the extent the Akron Lawsuit concerns acts or omissions by Bache prior to January 15, 2015.

100.     Pursuant to the "Other Insurance" provision, the 2015 Policy is excess over any other valid and collectible insurance.

101.     To the extent any requirements of the Insuring Agreements in the 2015 Policy are not satisfied, no coverage is afforded by the 2015 Policy.

102.     To the extent all 2015 Policy conditions are not satisfied, no coverage obligations exist.

103.     No coverage is owed under the 2016 Policy.

## COUNT II

**WESCO HAS NO DUTY TO DEFEND OR INDEMNIFY
WALLACE OR BACHE WITH RESPECT TO THE NORDONIA HILLS LAWSUIT
UNDER THE 2016 POLICY**

104.     Wesco incorporates by reference and realleges the allegations of paragraphs 1 through 103 as though fully set forth herein.

17

105.    Pursuant to the 2016 Policy's Insuring Agreement, the 2016 Policy applies to a claim for damages first made against an Insured during the policy period, arising out of an act or omission in the performance of legal services by an Insured or by any person for whom an Insured is legally liable, provided that prior to the inception date of the policy no Insured knew or could reasonably have foreseen that any such act or omission, or related act or omission, might be expected to be the basis of a claim.

106.    The Policy definition of Damages does not include civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing.

107.    The Nordonia Hills Lawsuit seeks sanctions or penalties against Wallace and Bache and, accordingly, the relief sought by the Nordonia Hills Board does not constitute damages under the 2016 Policy and no coverage applies.

108.    In the event any Insured prior to June 14, 2015 knew or reasonably could have foreseen that the acts or omissions alleged in the Nordonia Hills Lawsuit, or related acts or omissions, might be expected to be the basis of a claim no coverage applies.

109.    To the extent the Nordonia Hills Lawsuit concerns acts or omissions of Wallace and Bache with respect to entities or enterprises other than the Roderick Firm, including the Wallace Firm, no coverage is available under the 2016 Policy.

110.    Exclusion A applies to preclude coverage with respect to allegations that the Roderick Firm, Wallace or Bache committed any dishonest, fraudulent, criminal or malicious act or omission.

111.    Pursuant to the "Other Insurance" provision, the 2016 Policy is excess over any other valid and collectible insurance.

18

112.    To the extent any requirements of the Insuring Agreements in the 2016 Policy are not satisfied, no coverage is afforded by the 2016 Policy.

113.    To the extent all 2016 Policy conditions are not satisfied, no coverage obligations exist.

### COUNT III

### WESCO HAS NO DUTY TO DEFEND OR INDEMNIFY THE RODERICK FIRM, WALLACE, BACHE OR IMMEL WITH RESPECT TO THE SOLON LAWSUIT UNDER THE 2016 POLICY

114.    Wesco incorporates by reference and realleges the allegations of paragraphs 1 through 113 as though fully set forth herein.

115.    Pursuant to the 2016 Policy's Insuring Agreement, the 2016 Policy applies to a claim for damages first made against an Insured during the policy period, arising out of an act or omission in the performance of legal services by an Insured or by any person for whom an Insured is legally liable, provided that prior to the inception date of the policy no Insured knew or could reasonably have foreseen that any such act or omission, or related act or omission, might be expected to be the basis of a claim.

116.    The Policy definition of Damages does not include civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing.

117.    The Solon Lawsuit seeks sanctions or penalties against the Roderick Firm, Wallace, Bache and Immel and, accordingly, the relief sought by the Solon Board does not constitute damages under the 2016 Policy and no coverage applies.

118.    In the event any Insured prior to June 14, 2015 knew or reasonably could have foreseen that the acts or omissions alleged in the Solon Lawsuit, or related acts or omissions, might be expected to be the basis of a claim no coverage applies.

119. To the extent the Solon Lawsuit concerns acts or omissions of Wallace and Bache with respect to entities or enterprises other than the Roderick Firm, including the Wallace Firm, no coverage is available under the 2016 Policy.

120. Exclusion A applies to preclude coverage with respect to allegations that the Roderick Firm, Wallace, Bache or Immel committed any dishonest, fraudulent, criminal or malicious act or omission.

121. Pursuant to the "Other Insurance" provision, the 2016 Policy is excess over any other valid and collectible insurance.

122. To the extent any requirements of the Insuring Agreements in the 2016 Policy are not satisfied, no coverage is afforded by the 2016 Policy.

123. To the extent all 2016 Policy conditions are not satisfied, no coverage obligations exist.

**COUNT IV**

**WESCO HAS NO DUTY TO DEFEND OR INDEMNIFY
THE RODERICK FIRM, WALLACE OR BACHE WITH RESPECT TO
THE CLEVELAND HEIGHTS (H.S.) LAWSUIT UNDER THE 2016 POLICY**

124. Wesco incorporates by reference and realleges the allegations of paragraphs 1 through 123 as though fully set forth herein.

125. Pursuant to the 2016 Policy's Insuring Agreement, the 2016 Policy applies to a claim for damages first made against an Insured during the policy period, arising out of an act or omission in the performance of legal services by an Insured or by any person for whom an Insured is legally liable, provided that prior to the inception date of the policy no Insured knew or could reasonably have foreseen that any such act or omission, or related act or omission, might be expected to be the basis of a claim.

126.    The Policy definition of Damages does not include civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing.

127.    The Cleveland Heights (H.S.) Lawsuit seeks sanctions or penalties against the Roderick Firm, Wallace and Bache and, accordingly, the relief sought by the Cleveland Heights Board does not constitute damages under the 2016 Policy and no coverage applies.

128.    In the event any Insured prior to June 14, 2015 knew or reasonably could have foreseen that the acts or omissions alleged in the Cleveland Heights (H.S.) Lawsuit, or related acts or omissions, might be expected to be the basis of a claim no coverage applies.

129.    To the extent the Cleveland Heights (H.S.) Lawsuit concerns acts or omissions of Wallace and Bache with respect to entities or enterprises other than the Roderick Firm, including the Wallace Firm, no coverage is available under the 2016 Policy.

130.    Exclusion A applies to preclude coverage with respect to allegations that the Roderick Firm, Wallace or Bache committed any dishonest, fraudulent, criminal or malicious act or omission.

131.    Pursuant to the "Other Insurance" provision, the 2016 Policy is excess over any other valid and collectible insurance.

132.    To the extent any requirements of the Insuring Agreements in the 2016 Policy are not satisfied, no coverage is afforded by the 2016 Policy.

133.    To the extent all 2016 Policy conditions are not satisfied, no coverage obligations exist.

## COUNT V

**WESCO HAS NO DUTY TO DEFEND OR INDEMNIFY
THE RODERICK FIRM, WALLACE OR BACHE WITH RESPECT TO
THE CLEVELAND HEIGHTS (AYAN) LAWSUIT UNDER THE 2016 POLICY**

134.    Wesco incorporates by reference and realleges the allegations of paragraphs 1 through 133 as though fully set forth herein.

135.    Pursuant to the 2016 Policy's Insuring Agreement, the 2016 Policy applies to a claim for damages first made against an Insured during the policy period, arising out of an act or omission in the performance of legal services by an Insured or by any person for whom an Insured is legally liable, provided that prior to the inception date of the policy no Insured knew or could reasonably have foreseen that any such act or omission, or related act or omission, might be expected to be the basis of a claim.

136.    The Policy definition of Damages does not include civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing.

137.    The Cleveland Heights (Ayan) Lawsuit seeks sanctions or penalties against the Roderick Firm, Wallace and Bache and, accordingly, the relief sought by the Cleveland Heights Board does not constitute damages under the 2016 Policy and no coverage applies.

138.    In the event any Insured prior to June 14, 2015 knew or reasonably could have foreseen that the acts or omissions alleged in the Cleveland Heights (Ayan) Lawsuit, or related acts or omissions, might be expected to be the basis of a claim no coverage applies.

139.    To the extent the Cleveland Heights (Ayan) Lawsuit concerns acts or omissions of Wallace and Bache with respect to entities or enterprises other than the Roderick Firm, including the Wallace Firm, no coverage is available under the 2016 Policy.

140.    Exclusion A applies to preclude coverage with respect to allegations that the Roderick Firm, Wallace or Bache committed any dishonest, fraudulent, criminal or malicious act or omission.

141.    Pursuant to the "Other Insurance" provision, the 2016 Policy is excess over any other valid and collectible insurance.

142.    To the extent any requirements of the Insuring Agreements in the 2016 Policy are not satisfied, no coverage is afforded by the 2016 Policy.

143.    To the extent all 2016 Policy conditions are not satisfied, no coverage obligations exist.

**WHEREFORE**, Wesco Insurance Company requests that this Court enter judgment in its favor and against all defendants:

A.    Declaring that Wesco has no duty to defend the Roderick Firm, Wallace, or Bache in connection with the claim made in the lawsuit filed by the Akron Board, case no. 5:16-cv-0188, under policy no. WPP1096239 01 or WPP1096239 02;

B.    Declaring that Wesco has no duty to indemnify the Roderick Firm, Wallace, or Bache in connection with the claim made in the lawsuit filed by the Akron Board, case no. 5:16-cv-0188, under policy no. WPP1096239 01 or WPP1096239 02;

C.    Declaring that Wesco has no duty to defend Wallace or Bache in connection with the claim made in the lawsuit filed by the Nordonia Hills Board, case no. 5:17-cv-1973, under policy no. WPP1096239 01 or WPP1096239 02;

D.    Declaring that Wesco has no duty to indemnify Wallace or Bache in connection with the claim made in the lawsuit filed by the Nordonia Hills Board, case no. 5:17-cv-1973, under policy no. WPP1096239 01 or WPP1096239 02

E.    Declaring that Wesco has no duty to defend the Roderick Firm, Wallace, Bache or Immel in connection with the claim made in the lawsuit filed by the Solon Board and Liberty Mutual, case no. 5:16-cv-2847, under policy no. WPP1096239 02;

F.    Declaring that Wesco has no duty to indemnify the Roderick Firm, Wallace, Bache or Immel in connection with the claim made in the lawsuit filed by the Solon Board and Liberty Mutual, case no. 5:16-cv-2847, under policy no. WPP1096239 02;

G.  Declaring that Wesco has no duty to defend the Roderick Firm, Wallace or Bache in connection with the claim made in the lawsuit filed by the Cleveland Heights Board, case no. 5:17-cv-0553, under policy no. WPP1096239 02;

H.  Declaring that Wesco has no duty to indemnify the Roderick Firm, Wallace or Bache in connection with the claim made in the lawsuit filed by the Cleveland Heights Board, case no. 5:17-cv-0553, under policy no. WPP1096239 02;

I.  Declaring that Wesco has no duty to defend the Roderick Firm, Wallace or Bache in connection with the claim made in the lawsuit filed by the Cleveland Heights Board, case no. 5:17-cv-0883, under policy no. WPP1096239 02;

J.  Declaring that Wesco has no duty to indemnify the Roderick Firm, Wallace or Bache in connection with the claim made in the lawsuit filed by the Cleveland Heights Board, case no. 5:17-cv-0883, under policy no. WPP1096239 02; and

K.  Awarding such other and further relief as the Court finds just and proper.

Respectfully submitted,


/s/ Michelle J. Sheehan
Michelle J. Sheehan (0062548)
**Reminger Co., L.P.A.**
101 West Prospect Ave., Suite 1400
Cleveland, OH  44115
(216) 687-1311; Fax: (216) 687-1841
msheehan@reminger.com

*Attorney for Plaintiff*
*Wesco Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2017, I electronically filed the foregoing using the ECF system, which will send notification of such filing to all parties of record.

/s/ Michelle J. Sheehan
Michelle J. Sheehan (0062548)

*Attorney for Plaintiff*
*Wesco Insurance Company*