**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

_____

Wesco Insurance Company

      Plaintiff,

    v.

Roderick Linton & Belfance, LLP, et al.

      Defendants.

_____

    **Civil Action No. 1:17-cv-01813**

    **JUDGE BENITA PEARSON**

    **DEFENDANTS JASON D. WALLACE'S AND DANIEL R. BACHE'S JOINT ANSWER, COUNTERCLAIMS, AND CROSSCLAIMS**

Now comes Defendant Daniel Bache, by and through Attorney Jason D. Wallace, and Defendant Jason D. Wallace, by and through Attorney Daniel R. Bache, who hereby submit this Joint Answer, Counterclaim and Crossclaim.

**NATURE OF THE ACTION**

1. Paragraph 1 is an introductory paragraph that does not set forth a specific allegation for which a response is required. To the extent the Court would require a response, these Answering Defendants deny paragraph 1 for want of knowledge.

**THE PARTIES**

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3. Defendants admit the allegations set forth in Paragraph 3.

4. Defendants admit the allegations set forth in Paragraph 4.

5. Defendants admit the allegations set forth in Paragraph 5.

6. Defendants admit the allegations set forth in Paragraph 6.

7. Defendants admit the allegations set forth in Paragraph 7.

1

8.   Defendants admit the allegations set forth in Paragraph 8.

9.   Defendants admit the allegations set forth in Paragraph 9.

10. Defendants admit the allegations set forth in Paragraph 10.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

## JURISDICTION AND VENUE

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13. Defendants deny the allegations set forth in Paragraph 13.

14. Defendants admit the allegations set forth in Paragraph 14.

15. Defendants admit the allegations set forth in Paragraph 15.

## THE UNDERLYING LAWSUITS

**A.  *The Akron Lawsuit***

16. Defendants admit the allegations set forth in Paragraph 16.

17. Defendants admit the allegations set forth in Paragraph 17.

18. Defendants admit the allegations set forth in Paragraph 18.

19. Defendants admit the allegations set forth in Paragraph 19.

20. Defendants admit the allegations set forth in Paragraph 20.

21. Defendants admit the allegations set forth in Paragraph 21.

22. Defendants admit the allegations set forth in Paragraph 22.

23. Defendants admit the allegations set forth in Paragraph 23.

24. Defendants admit the allegations set forth in Paragraph 24.

25. Defendants admit the allegations set forth in Paragraph 25.

26. Defendants admit the allegations set forth in Paragraph 26.

27. Defendants admit the allegations set forth in Paragraph 27.

28. Defendants admit the allegations set forth in Paragraph 28.

29. Defendants admit the allegations set forth in Paragraph 29.

**B.  The Nordonia Hills Lawsuit**

30. Defendants admit the allegations set forth in Paragraph 30.

31. Defendants admit the allegations set forth in Paragraph 31.

32. Defendants admit the allegations set forth in Paragraph 32.

33. Defendants admit the allegations set forth in Paragraph 33.

34. Defendants admit the allegations set forth in Paragraph 34.

35. Defendants admit the allegations set forth in Paragraph 35.

36. Defendants admit the allegations set forth in Paragraph 36.

37. Defendants admit the allegations set forth in Paragraph 37.

38. Defendants admit the allegations set forth in Paragraph 38.

39. Defendants admit the allegations set forth in Paragraph 39.

40. Defendants admit the allegations set forth in Paragraph 40.

41. Defendants admit the allegations set forth in Paragraph 41.

42. Defendants admit the allegations set forth in Paragraph 42.

43. Defendants admit the allegations set forth in Paragraph 43.

**C.  The Solon Lawsuit**

44. Defendants admit the allegations set forth in Paragraph 44.

45. Defendants admit the allegations set forth in Paragraph 45.

46. Defendants admit the allegations set forth in Paragraph 46.

47. Defendants admit the allegations set forth in Paragraph 47.

48. Defendants admit the allegations set forth in Paragraph 48.

49. Defendants admit the allegations set forth in Paragraph 49.

50. Defendants admit the allegations set forth in Paragraph 50.

51. Defendants admit the allegations set forth in Paragraph 51.

52. Defendants admit the allegations set forth in Paragraph 52.

53. Defendants admit the allegations set forth in Paragraph 53.

54. Defendants admit the allegations set forth in Paragraph 54.

55. Defendants admit the allegations set forth in Paragraph 55.

56. Defendants admit the allegations set forth in Paragraph 56.

57. Defendants admit the allegations set forth in Paragraph 57.

58. Defendants admit the allegations set forth in Paragraph 58.

*C.   The Cleveland Heights (H.S.) Lawsuit*

59. Defendants admit the allegations set forth in Paragraph 59.

60. Defendants admit the allegations set forth in Paragraph 60.

61. Defendants admit the allegations set forth in Paragraph 61.

62. Defendants admit the allegations set forth in Paragraph 62.

63. Defendants admit the allegations set forth in Paragraph 63.

64. Defendants admit the allegations set forth in Paragraph 64.

65. Defendants admit the allegations set forth in Paragraph 65.

66. Defendants admit the allegations set forth in Paragraph 66.

67. Defendants admit the allegations set forth in Paragraph 67.

68. Defendants admit the allegations set forth in Paragraph 68.

69. Defendants admit the allegations set forth in Paragraph 69.

**D.** *The Cleveland Heights (Ayan) Lawsuit*

70. Defendants admit the allegations set forth in Paragraph 70.

71. Defendants admit the allegations set forth in Paragraph 71.

72. Defendants admit the allegations set forth in Paragraph 72.

73. Defendants admit the allegations set forth in Paragraph 73.

74. Defendants admit the allegations set forth in Paragraph 74.

75. Defendants admit the allegations set forth in Paragraph 75.

76. Defendants admit the allegations set forth in Paragraph 76.

77. Defendants admit the allegations set forth in Paragraph 77.

78. Defendants admit the allegations set forth in Paragraph 78.

79. Defendants admit the allegations set forth in Paragraph 79.

80. Defendants admit the allegations set forth in Paragraph 80.

81. Defendants admit the allegations set forth in Paragraph 81.

## THE WESCO POLICIES

82. Defendants admit the allegations set forth in Paragraph 82.

83. Defendants admit the allegations set forth in Paragraph 83.

84. Defendants admit the allegations set forth in Paragraph 84:

85. Defendants admit the allegations set forth in Paragraph 85:

86. Defendants admit the allegations set forth in Paragraph 86:

87. Defendants admit the allegations set forth in Paragraph 87.

88. Defendants admit the allegations set forth in Paragraph 88.

89. Defendants admit the allegations set forth in Paragraph 89.

**COUNT I**

90. Defendants answer paragraph 90 by incorporating their previous admissions, denials and qualifications as if fully set forth herein.

91. Defendants admit the allegations set forth in Paragraph 91.

92. Defendants admit the allegations set forth in Paragraph 92.

93. Defendants admit the allegations set forth in Paragraph 93.

94. Defendants admit the allegations set forth in Paragraph 94.

95. Defendants deny the allegations set forth in Paragraph 95.

96. Defendants deny the allegations set forth in Paragraph 96. Further answering, Defendants assert coverage applies under the previous policy WPP1096239 00 with an Effective date of June 14, 2014 and expiration date of June 14, 2015 which was renewed by policy WPP1096239 01. *See* Doc #: 13-7 PageID #: 423.

97. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97.

98. Defendants admit the allegations set forth in Paragraph 98.

99. Defendants admit, based on information and belief, the allegations set forth in Paragraph 99.

100. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100.

101. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101.

102. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102.

6

103.     Defendants deny the allegations set forth in Paragraph 98.

**COUNT II**

104.     Defendants answer paragraph 104 by incorporating their previous admissions, denials and qualifications as if fully set forth herein.

105.     Defendants admit the allegations set forth in Paragraph 105.

106.     Defendants admit the allegations set forth in Paragraph 106.

107.     Defendants deny the allegations set forth in Paragraph 107.

108.     Defendants deny the allegations set forth in Paragraph 108. Further answering, Defendants assert coverage applies under the previous policy WPP1096239 00 with an Effective date of June 14, 2014 and expiration date of June 14, 2015 which was renewed by policy WPP1096239 01. *See* Doc #: 13-7 PageID #: 423

109.     Defendants admit the allegations set forth in Paragraph 109.

110.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110.

111.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111.

112.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112.

113.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113

**COUNT III**

114.     Defendants answer paragraph 114 by incorporating their previous admissions, denials and qualifications as if fully set forth herein.

115.	Defendants admit the allegations set forth in Paragraph 115.

116.	Defendants admit the allegations set forth in Paragraph 116.

117.	Defendants deny the allegations set forth in Paragraph 117.

118.	Defendants deny the allegations set forth in Paragraph 118. Further answering, Defendants assert coverage applies under the previous policy WPP1096239 00 with an Effective date of June 14, 2014 and expiration date of June 14, 2015 which was renewed by policy WPP1096239 01. *See* Doc #: 13-7 PageID #: 423.

119.	Defendants deny the allegations set forth in Paragraph 119.

120.	Defendants admit the allegations set forth in Paragraph 120.

121.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121.

122.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122.

123.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123.

**COUNT IV**

124.	Defendants answer paragraph 124 by incorporating their previous admissions, denials and qualifications as if fully set forth herein.

125.	Defendants admit the allegations set forth in Paragraph 125.

126.	Defendants admit the allegations set forth in Paragraph 126.

127.	Defendants deny the allegations set forth in Paragraph 127.

128.	Defendants deny the allegations set forth in Paragraph 128. Further answering, Defendants assert coverage applies under the previous policy WPP1096239 00 with an

Effective date of June 14, 2014 and expiration date of June 14, 2015 which was renewed by policy WPP1096239 01. *See* Doc #: 13-7 PageID #: 423.

129.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 129.

130.	Defendants admit the allegations set forth in Paragraph 130.

131.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131.

132.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132.

133.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 133.

## COUNT V

134.	Defendants answer paragraph 134 by incorporating their previous admissions, denials and qualifications as if fully set forth herein.

135.	Defendants admit the allegations set forth in Paragraph 135.

136.	Defendants admit the allegations set forth in Paragraph 136.

137.	Defendants deny the allegations set forth in Paragraph 137.

138.	Defendants deny the allegations set forth in Paragraph 138. Further answering, Defendants assert coverage applies under the previous policy WPP1096239 00 with an Effective date of June 14, 2014 and expiration date of June 14, 2015 which was renewed by policy WPP1096239 01. *See* Doc #: 13-7 PageID #: 423.

139.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 139.

140.     Defendants admit the allegations set forth in Paragraph 140.

141.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 141.

142.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 142.

143.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 143.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

144.     Plaintiff's First Amended Complaint fails to state a claim against these answering Defendants upon which relief can be granted.

### SECOND DEFENSE

145.     The claims set forth by the Defendants, Akron Board of Education, Solon City School District Board of Education, Nordonia Hills City School District Board of Education and Cleveland Heights-University Heights City School District Board of Education are seeking damage awards statutorily imposed as Court costs that are not excluded from coverage under the Plaintiff's Lawyers Professional Liability insurance policies issued to Defendant Roderick Firm.

### THIRD DEFENSE

146.     Plaintiff has failed to join necessary and indispensable parties to its action as evidenced by the Plaintiffs named in Solon City School District Board of Education, et al. v Jason D. Wallace, et al. Case No. 5:16-cv-2847 and Nordonia Hills City School District Board of Education, et al. v Jason D. Wallace, et al. Case No. 5:16-cv-1973.

10

**FOURTH DEFENSE**

147.    Plaintiff has "assumed the risk," and therefore its claim is barred.

**FIFTH DEFENSE**

148.    Wallace and Bache were legally justified in their actions.

**SIXTH DEFENSE**

149.    Plaintiff's action is barred under the doctrine of unconscionability.

**SEVENTH DEFENSE**

150.    Plaintiff's action is barred because it has breached its contract.

**EIGHTH DEFENSE**

151.    These answering Defendants underlying actions are excused or justified as they had to exhaust administrative remedies under 20 USC 1415(l).

**NINTH DEFENSE**

152.    These answering Defendants reserve the right to present such additional affirmative defenses as may become known pending discovery.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

_____

Wesco Insurance Company

     Plaintiff,

    v.

Roderick Linton & Belfance, LLP, et al.

    Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Civil Action No. 1:17-cv-01813**

**JUDGE DONALD C. NUGENT**

**DEFENDANTS BACHE AND WALLACE'S JOINT COUNTERCLAIMS AGAINST WESCO AND CROSSCLAIMS AGAINST RODERICK LINTON BELFANCE**

Now come the Defendants, Daniel Bache and Jason Wallace, by and through undersigned counsel, who hereby submit the following Counterclaims against Plaintiff Wesco and Crossclaims against Defendant Roderick Linton Belfance LLP.

**INTRODUCTION**

1. All paragraphs incorporate the others

2. Each paragraph in this Counterclaim and Crossclaim incorporates all others.

3. Jason Wallace and Daniel Bache assist families with children who have disabilities in matters regarding their schooling.  There are a very small number of attorneys who engage in this type of work.  Wallace and Bache were having some success assisting their clients and eventually the schools decided to attempt to shut Wallace and Bache down.

4. There is one thing all the schools have in common, they all have retained Walter

12

Haverfield LLP as their counsel either directly or indirectly in some capacity.  Walter Haverfield LLP has spent hundreds of thousands of dollars in attorneys' time in IDEA administrative due process proceedings that are meant to be parent friendly proceedings with no formality and conducted in way attorneys are not required to participate.  Walter Haverfield LLP has fought these administrative proceedings without sparing any expense, treating these cases like they are complex cases with millions of dollars on the line.  Walter Haverfield LLP did not have any luck getting rid of Wallace and Bache in the administrative proceedings, so it has now turned its attention and efforts to federal court and filed or assisted with numerous Complaints against Wallace and Bache.

5. Seeking assistance with the Complaints filed against them, Wallace and Bache reported the Claims to Wesco.  Wesco failed to properly investigate the claims and refused to defend or indemnify Wallace or Bache, despite the applicable insurance policy clearly providing them with coverage.

6. The Crossclaims are brought under alternative theories because there was a contract with Roderick Linton Belfance LLP that required it to provide "malpractice coverage" to Wallace and Bache.  Roderick Linton Belfance LLP was aware of the Wallace and Bache's practice areas, yet failed to provide them with "malpractice coverage" for their areas of practice.  Additionally, Roderick Linton Belfance LLP settled a claim made against it and by doing so terminated any potential insurance coverage that Wallace and Bache would have had.  Either Wesco should continue to insure Wallace and Bache regarding the Nordonia Hills Complaint or Roderick Linton Belfance LLP should not have negotiated any settlement without including Wallace and Bache if Roderick Linton Belfance LLP's settlement would terminate Wallace and Bache's insurance coverage.

13

## PARTIES, JURISDICTION AND VENUE

7.  Jason Wallace ("Wallace") is a resident of Cuyahoga County, Ohio.

8.  Daniel Bache ("Bache") is a resident of Summit County, Ohio

9.  Wesco is a Delaware corporation with its principal place of business in New York and that transacts business in the State of Ohio.

10. Roderick Linton Belfance LLP is a law firm with its principle place of business in Akron, Ohio.

11. An actual controversy exists between Wesco and Wallace and Bache regarding the existence of insurance coverage in connection with the *Akron Board of Education v. Jason D. Wallace, et al.,* Case No. 5:16-cv-0188 (the "Akron Lawsuit"), *Nordonia Hills City School District Board of Education et al v. Wallace et al,* Case No. 5:16-cv-01973 (the "Nordonia Hills Lawsuit"), S*olon City School District Board of Education, et al. v. Jason D. Wallace,* Case No. 5:16-cv-2847 (the "Solon Lawsuit*"), Cleveland Heights - University Heights City School District Board of Education v. Jason D. Wallace, et at.,* Case No. 5:17-cv-0553 (the "Cleveland Heights (H.S.) Lawsuit") *and Cleveland Heights - University Heights City School District Board of Education v. Jason D. Wallace, et al.,* Case No. 5:17-cv-0883 (the "Cleveland Heights (Ayan) Lawsuit").

12. An actual controversy exists between Roderick Linton Belfance LLP and Wallace and Bache regarding the "malpractice coverage" of their contract regarding: *Akron Board of Education v. Jason D. Wallace, et al.,* Case No. 5:16-cv-0188 (the "Akron Lawsuit"), *Nordonia Hills City School District Board of Education et al v. Wallace et al,* Case No. 5:16-cv-01973 (the "Nordonia Hills Lawsuit"), S*olon City School District Board of Education, et al. v. Jason D. Wallace,* Case No. 5:16-cv-2847 (the "Solon Lawsuit*"),*

*Cleveland Heights - University Heights City School District Board of Education v. Jason D. Wallace, et at.,* Case No. 5:17-cv-0553 (the "Cleveland Heights (H.S.) Lawsuit") *and Cleveland Heights - University Heights City School District Board of Education v. Jason D. Wallace, et al.,* Case No. 5:17-cv-0883 (the "Cleveland Heights (Ayan) Lawsuit").

13. The amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of costs, interest and attorney's fees. The claimants in the Akron Lawsuit, Nordonia Hills Lawsuit, Solon Lawsuit, Cleveland Heights (H.S.) Lawsuit and Cleveland Heights (Ayan) Lawsuit seek relief from Wallace and Bache in an amount in excess of $75,000.

14. Venue is appropriate in this District under 28 U.S.C. § 1391 because the Defendants reside in this District and the insurance policy which forms the basis of this dispute was delivered to Roderick Linton Belfance LLP in this District.

### **STATEMENTS OF FACT**

15. Roderick Linton Belfance LLP paid for a professional liability insurance policy or for multiple policies ("Policy") from Wesco during all applicable times in this Complaint.

16. Wesco Policy WPP1096239 01, with an Effective Date of June 14, 2015 and Expiration Date of June 14, 2016, is a renewal of Wesco Policy WPP1096239 00, with an Effective Date of June 14, 2014 and Expiration Date of June 14, 2015. *See* Doc #: 13-7 PageID #: 423.

17. Wesco Policy WPP1096239 02, with an Effective Date of June 14, 2016 and Expiration Date of June 14, 2017, is a renewal of Wesco Policy WPP1096239 01. *See* Doc #: 13-8 PageID #: 449.

18. Wallace joined Roderick Linton Belfance LLP on July 1, 2014. *See* Doc #: 13-7 PageID #: 430

19. Wallace was placed on Roderick Linton Belfance LLP's Policy and was specifically listed as "insured" on the Policy with an effective coverage date of July 1, 2014. *See* Doc #: 13-7 PageID #: 430

20. Wallace left Roderick Linton Belfance on April 31, 2016.

21. Wallace was covered under the Policy throughout his entire time while at Roderick Linton Belfance LLP.

22. Bache joined Roderick Linton Belfance LLP on January 15, 2015.

23. Bache was placed on Roderick Linton Belfance LLP's professional liability insurance policy with an effective coverage date of January 15, 2015.

24. Bache left Roderick Linton Belfance LLP on April 31, 2016.

25. Bache was covered under the Policy throughout his entire time while at Roderick Linton Belfance LLP.

26. The Policy was in full force at all times herein alleged.

27. Wallace and Bache both had contracts with Roderick Linton Belfance that indicated Roderick Linton Belfance LLP would provide them with malpractice insurance and other items in exchange for financial considerations.

## THE UNDERLYING ACTIONS

28. The underlying actions are based on acts or omissions of Wallace and Bache's rendering of legal services for former clients arising out of IDEA administrative due process actions.

29. Wallace and Bache provided Wesco with timely notices of the claims made against them and forwarded copies of the Complaints all documents claiming the same elements of damage.

16

### A. *Akron Lawsuit*

30. On January 26, 2016, the Akron Board filed its "Complaint for Recovery of Fees Pursuant to the Individuals with Disabilities Education Act (IDEA)" against the Roderick Firm, Wallace, and Bache in the Akron Lawsuit. *See* Case: 1:17-cv-01813-DCN Doc #: 13-1.

31. On February 7, 2017, the Akron Board filed a first amended complaint in the Akron Lawsuit. *See* Case: 1:17-cv-01813-DCN Doc #: 13-2.

32. The Akron Lawsuit is pending before Judge Benita Pearson.

33. The Akron Lawsuit seeks $26,673.26 in costs related to court reporter and hearing officer fees; and, more than $156,672.50 in attorney fees.

34. Wesco Denied this claim stating in their Disclaimer of Coverage:

    a. "The only relief sought in the Fee Action is costs and attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II), which provides that fees may be awarded against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation. Such relief is specifically excluded from the definition of "damages" as "civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing.""

35. The policy makes no indication "20 U.S.C. § 1415(i)(3)(B)(i)(II), which provides that fees may be awarded against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or who continued

to litigate after the litigation clearly became frivolous, unreasonable, or without foundation" is described or defined as "civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing." Disclaimer Akron 2016-2-22

36. Wesco further denies coverage based on Exclusion A:

    b. "Finally, Exclusion A provides that the Policy does not cover any claims based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an insured. The Fee Action alleges that the defendants continued to litigate claims that were frivolous, unreasonable and without foundation. Accordingly, there is no coverage under the Policy if an adjudication establishes that an insured committed a dishonest, fraudulent or malicious act or omission." Disclaimer Akron 2016-2-22

37. Wesco's own denial under Exclusion A provides they must provide a defense stating:

    c. "The Policy does not apply: to any claim based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an Insured, however, **the Company shall provide the Insured with a defense of any claim based on or arising out of any dishonest, fraudulent or malicious act or omission by an Insured until the dishonest, fraudulent or malicious act or omission has been determined by adjudication, including regulatory ruling against or admission by such Insured; but providing such a defense will not waive any of the Company's rights under this Policy**." *See* Doc #: 13-7 PageID #: 438. Emphasis added.

2. Wesco renewed these denials of coverage in another denial letter dated February 21, 2017.

*See* Exhibit 2 Akron 2017-2-22 Claim ^LN2151281 Updated Coverage Denial.pdf

3. There has been no adjudication establishing that an insured committed a dishonest, fraudulent or malicious act or omission in the Akron Lawsuit.

**B. *Nordonia Hills Lawsuit***

38. On August 5, 2016, the Nordonia Hills Board filed its "Complaint for Recovery of Fees Pursuant to the Individuals with Disabilities Education Improvement Act (IDEIA)" against the Roderick Firm, Wallace, Bache, and Wallace & Bache LLP in the Nordonia Hills Lawsuit. *See* 5:16-cv-01973 Doc #: 13-3.

39. The Nordonia Hills Lawsuit is pending before Judge John R. Adams.

40. The Nordonia Hills Lawsuit seeks $38,430.59 for costs and expenses and more than $106.026.56 in attorney fees.

41. Wesco denied this claim because the Roderick resolved the claim with Nordonia Hills. the claim from Wesco. *See* Exhibit 3 Nordonia v. Wallace; Wesco refusal to issue declination letter.

42. There has been no adjudication establishing that an insured committed a dishonest, fraudulent or malicious act or omission in the Nordonia Hills Lawsuit.

**C. *Solon Lawsuit***

43. On November 22, 2016, the Solon filed its "Complaint for Recovery of Fees Pursuant to the Individuals with Disabilities Education Improvement Act (IDEIA)" against the Roderick Firm, Kristopher Immel, Wallace, Bache, and Wallace & Bache LLP in the Solon Lawsuit. *See* Case: 1:17-cv-01813 Doc #: 13-4.

44. The Solon Lawsuit is pending before Judge Sara Lioi.

45. The Solon Lawsuit seeks $49, 618.49 for costs and expenses and more than $84,013.61 in attorney fees.

46. Wesco Denied this claim stating:

   a. "The only relief sought in the Fee Action is costs and attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II), which provides that fees may be awarded against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation. Such relief is specifically excluded from the definition of "damages" as "civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing. Accordingly, because the Fee Action does not seek any relief which constitutes "damages," no coverage is available under the Policy." *See* Exhibit 4 Solon - Roderick Wallace denial ltr Page 6.

47. The policy makes no indication "20 U.S.C. § 1415(i)(3)(B)(i)(II), which provides that fees may be awarded against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation" is described or defined as "civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing." *See* Doc ##: 13-7, 13-8; Exhibit 4 Solon - Roderick Wallace denial ltr.

48. In a further showing of bad faith, Wesco denied the claim stating:

20

b.  Moreover, the Policy will not provide coverage if, prior to the inception date of the first policy issued by Wesco, or if this policy has been continuously renewed, prior to the inception date of the first policy issued by the Company, an insured knew of or could reasonably have foreseen that any act or omission, or "related act or omission," might be expected to be the basis of a claim. **The inception date of the first policy issued to the Roderick Firm is June 14, 2015. The Fee Action asserts that in its April 24, 2015 response to the April 14, 2015 due process complaint**, the Board placed Wallace and Bache on notice of its intent to seek fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III). Thus, to the extent any insured knew or could reasonably have foreseen that the filings might be expected to form the basis of a claim, no coverage will apply. To the extent all of the requirements of the Policy insuring agreement are not satisfied, no coverage applies. *See* Exhibit 4 Solon - Roderick Wallace denial ltr Page 6.

49. The inception date of the first policy is June 14, 2014. *See* Doc #: 13-7 PageID #: 423

50. Wesco further denies coverage based on Exclusion A:

c.  "Further, Exclusion A provides that the Policy does not cover any claims based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an insured. The Fee Action alleges that the defendants continued to litigate claims that were frivolous, unreasonable and without foundation. Accordingly, there is no coverage under the Policy if an adjudication establishes that an insured committed a dishonest, fraudulent or malicious act or omission." *See* Exhibit 4 Solon - Roderick Wallace denial ltr Page 7.

51. Wesco's own denial under Exclusion A provides they must provide a defense stating:

    d. "The Policy does not apply: to any claim based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an Insured, however, **the Company shall provide the Insured with a defense of any claim based on or arising out of any dishonest, fraudulent or malicious act or omission by an Insured until the dishonest, fraudulent or malicious act or omission has been determined by adjudication, including regulatory ruling against or admission by such Insured; but providing such a defense will not waive any of the Company's rights under this Policy.**" *See* Doc #: 13-7 PageID #: 438. Emphasis added.

52. There has been no adjudication establishing that an insured committed a dishonest, fraudulent or malicious act or omission in the Solon Lawsuit.

**D.  *Cleveland Heights (H.S.) Lawsuit***

53. On March 16, 2017, the Cleveland Heights-university Heights Board filed its "Complaint for Recovery of Fees Pursuant to the Individuals with Disabilities Education Improvement Act (IDEIA)" against the Roderick Firm, Wallace, Bache, and Wallace & Bache LLP in the Cleveland Heights (H.S.) Lawsuit. *See* Case: 1:17-cv-01813 Doc #: 13-5.

54. The Cleveland Heights (H.S.) Lawsuit is pending before Judge Christopher A. Boyko.

55. Wesco Denied this claim stating:

    a. "The only relief sought in the Fee Action is costs and attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II), which provides that fees may be awarded against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or who continued to litigate after

the litigation clearly became frivolous, unreasonable, or without foundation. Such relief is specifically excluded from the definition of "damages" as "civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing. Accordingly, because the Fee Action does not seek any relief which constitutes "damages," no coverage is available under the Policy." *See* Exhibit 5 CHUH 17-cv-0553 2017-04-18 Claim ^N2539377 Coverage Disclaimer Letter Page(s) 5-6

56. The policy makes no indication "20 U.S.C. § 1415(i)(3)(B)(i)(II), which provides that fees may be awarded against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation" is described or defined as "civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing." *See* Doc ##: 13-7, 13-8; *See* Exhibit 5 CHUH 17-cv-0553 2017-04-18 Claim ^N2539377 Coverage Disclaimer Letter.

57. In a further showing of bad faith, Wesco denied the claim stating:

   b. Moreover, the Policy will not provide coverage if, prior to the inception date of the first policy issued by Wesco, or if this policy has been continuously renewed, prior to the inception date of the first policy issued by the Company, an insured knew of or could reasonably have foreseen that any act or omission, or "related act or omission," might be expected to be the basis of a claim. **The inception date of the first policy issued to the Roderick Firm is June 14, 2015. The Fee**

23

**Action asserts that in its April 24, 2015 response to the April 14, 2015 due process complaint**, the Board placed Wallace and Bache on notice of its intent to seek fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III). Thus, to the extent any insured knew or could reasonably have foreseen that the filings might be expected to form the basis of a claim, no coverage will apply. To the extent all of the requirements of the Policy insuring agreement are not satisfied, no coverage applies. *See* Exhibit 5 CHUH 17-cv-0553 2017-04-18 Claim ^N2539377 Coverage Disclaimer Letter Page 6.

58. The inception date of the first policy is June 14, 2014. *See* Doc #: 13-7 PageID #: 423

59. Wesco further denies coverage based on Exclusion A:

    a. "Further, Exclusion A provides that the Policy does not cover any claims based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an insured. The Fee Action alleges that the defendants continued to litigate claims that were frivolous, unreasonable and without foundation. Accordingly, there is no coverage under the Policy if an adjudication establishes that an insured committed a dishonest, fraudulent or malicious act or omission." *See* Exhibit 5 CHUH 17-cv-0553 2017-04-18 Claim ^N2539377 Coverage Disclaimer Letter Page 6.

60. Wesco's own denial under Exclusion A provides they must provide a defense stating:

    b. "The Policy does not apply: to any claim based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an Insured, however, **the Company shall provide the Insured with a defense of any claim based on or arising out of any dishonest, fraudulent or malicious act or omission by an**

24

> **Insured until the dishonest, fraudulent or malicious act or omission has been determined by adjudication, including regulatory ruling against or admission by such Insured; but providing such a defense will not waive any of the Company's rights under this Policy.**" *See* Doc #: 13-7 PageID #: 438. Emphasis added.

*61.* There has been no adjudication establishing that an insured committed a dishonest, fraudulent or malicious act or omission in the Cleveland Heights (H.S.) Lawsuit.

### E.  *Cleveland Heights (Ayan) Lawsuit*

62. On April 25, 2017, the Cleveland Heights-university Heights Board filed its "Complaint for Recovery of Fees Pursuant to the Individuals with Disabilities Education Improvement Act (IDEIA)" against the Roderick Firm, Wallace, Bache, and Wallace & Bache LLC in the Cleveland Heights (Ayan) Lawsuit. *See* Case: 1:17-cv-01813 Doc #: 13-6.

63. The Cleveland Heights (Ayan) Lawsuit is pending before Magistrate Judge Thomas M. Parker.

64. There has been no adjudication establishing that an insured committed a dishonest, fraudulent or malicious act or omission in the Cleveland Heights (Ayan) Lawsuit.

65. Wesco Denied this claim stating:

   c.  "The only relief sought in the Fee Action is costs and attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II), which provides that fees may be awarded against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation. Such

relief is specifically excluded from the definition of "damages" as "civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing. Accordingly, because the Fee Action does not seek any relief which constitutes "damages," no coverage is available under the Policy." *See* Exhibit 6 AYAN -Claim 2694715 Cleveland Heights School Dist. Board of Education v. Roderick Linton Belfance LLP Page 6.

66. The policy makes no indication "20 U.S.C. § 1415(i)(3)(B)(i)(II), which provides that fees may be awarded against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation" is described or defined as "civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing." *See* Doc ##: 13-7, 13-8; *See* Exhibit 6 AYAN -Claim 2694715 Cleveland Heights School Dist. Board of Education v. Roderick Linton Belfance LLP.

67. In a further showing of bad faith, Wesco denied the claim stating:

   d. Moreover, the Policy will not provide coverage if, prior to the inception date of the first policy issued by Wesco, or if this policy has been continuously renewed, prior to the inception date of the first policy issued by the Company, an insured knew of or could reasonably have foreseen that any act or omission, or "related act or omission," might be expected to be the basis of a claim. **The inception date of the first policy issued to the Roderick Firm is June 14, 2015. The Fee**

26

**Action asserts that in its April 24, 2015 response to the April 14, 2015 due process complaint**, the Board placed Wallace and Bache on notice of its intent to seek fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III). Thus, to the extent any insured knew or could reasonably have foreseen that the filings might be expected to form the basis of a claim, no coverage will apply. To the extent all of the requirements of the Policy insuring agreement are not satisfied, no coverage applies. *See* Exhibit 6 AYAN -Claim 2694715 Cleveland Heights School Dist. Board of Education v. Roderick Linton Belfance LLP Page 6. Emphasis added.

68. The inception date of the first policy is June 14, 2014. *See* Doc #: 13-7 PageID #: 423

69. Wesco further denies coverage based on Exclusion A:

    c. "Further, Exclusion A provides that the Policy does not cover any claims based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an insured. The Fee Action alleges that the defendants continued to litigate claims that were frivolous, unreasonable and without foundation. Accordingly, there is no coverage under the Policy if an adjudication establishes that an insured committed a dishonest, fraudulent or malicious act or omission." *See* Exhibit 6 AYAN -Claim 2694715 Cleveland Heights School Dist. Board of Education v. Roderick Linton Belfance LLP Page 6.

70. Wesco's own denial under Exclusion A provides they must provide a defense stating:

    d. "The Policy does not apply: to any claim based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an Insured, however, **the Company shall provide the Insured with a defense of any claim based on or arising out of any dishonest, fraudulent or malicious act or omission by an**

27

**Insured until the dishonest, fraudulent or malicious act or omission has been**

**determined by adjudication, including regulatory ruling against or admission**

**by such Insured; but providing such a defense will not waive any of the**

**Company's rights under this Policy.**" *See* Doc #: 13-7 PageID #: 438. Emphasis

added.

## A.      POLICY COVERAGE

71. The Policy provides in pertinent part, as follows:

B. Defense
**The Company shall have the** right and **duty to defend**, subject to and as part of the
Limits of Liability, **any claim against the Insured seeking damages which are payable
under the terms of this Policy even if any of the allegations of the claim are
groundless, false or fraudulent.** The Company shall have the right to appoint counsel
and to make such investigation and defense of a claim as it deems appropriate. If a claim
shall be subject to arbitration or mediation, the Company shall be entitled to exercise all
of the lnsured's rights in the choice of arbiters or mediators and in the conduct of an
arbitration or mediation proceeding.
Doc #: 13-7 PageID #: 433

*          *          *

Wherever used in this Policy:
A. "Claim" means a written or verbal demand received by the Insured for money or
services arising out of an act or omission, including personal Injury, in rendering or
failing to render legal services. A demand shall include the service of suit or the
institution of an arbitration proceeding against the Insured.
Doc #: 13-7 PageID #: 434

*          *          *

"Damages" means judgments, awards and settlement if negotiated with the assistance and
approval of the Company. Damages do not include:
1. Legal fees, costs and expenses paid to or incurred or charged by the Insured, whether
   or not claimed as restitution of specific funds, forfeiture, financial loss, set-off or
   otherwise, and injuries that are a consequence of the foregoing:
2. Return or replenishment of client or other funds that the insured commingled,
   converted, misused, misappropriated or was not otherwise entitled to, regardless of
   whether such funds are received in the form of a loan, retainer, contingency or
   otherwise;
3.  **civil or criminal fines, sanctions, penalties or forfeitures**, whether pursuant to

28

federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing;

4. punitive or exemplary amounts and the multiplied portion of multiplied awards;
5. injunctive or declaratory relief;
6. amounts for which the Insured is not financially liable or that are without legal recourse to the Insured.

Doc #: 13-7 PageID ##: 434-435

$$* \qquad * \qquad *$$

F. "Insured" means the Named Insured, predecessor firm and the persons or entities described below:

1. Any lawyer, partnership, professional corporation, professional association, limited liability corporation or limited liability partnership who is or becomes a partner, officer, director, stockholder- employee, associate, manager, member or salaried employee of the Named Insured during the policy period shown in the Declarations;

2. Any lawyer previously affiliated with the Named Insured or a predecessor firm as a partner, officer, director, stockholder-employee, associate, manager, member or salaried employee but only for legal services performed on behalf of the Named Insured or a predecessor firm at the time of such affiliation;

3. Any lawyer, law firm, partnership, professional corporation, professional association, limited liability corporation or limited liability partnership who acts as Of Counsel to the Named Insured or any non-employee Independent contractor attorney or per diem attorney to the Named Insured but only for legal services performed on behalf of the Named Insured;

4. Any former or current employee who is a non- lawyer of the Named Insured or any predecessor firm, but solely for services performed within the course and scope of their employment by the Named Insured or any predecessor firm;

5. The estate, heirs, executors, administrators, assigns and legal representatives of an Insured In the event of such lnsured's death, incapacity, insolvency or bankruptcy, but only to the extent that such Insured would have been provided coverage under this Policy.

Doc #: 13-7 Filed: 08/30/17 13 of 26. PageID #: 435

$$* \qquad * \qquad *$$

H. "Named Insured" means the persons and entities designated in the Declarations.
Doc #: 13-7 PageID #: 436

$$* \qquad * \qquad *$$

E. Disciplinary Proceedings
The Company will provide for the defense of a Disciplinary Proceeding brought against an Insured during the policy period arising out of the performance of legal services. **The Company's obligation under this provision Is subject to a maximum amount of**

**$100,000 per policy period for all attorney fees and other reasonable costs, expenses or fees incurred by lawyers appointed by the Company.** There will be no deductible for payments made under this provision, and any such payments are in addition to the Limits of Liability.
Doc #: 13-7 PageID #: 435.

\*　　\*　　\*

This Policy does not apply:
A. to any claim based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an Insured, **however, the Company shall provide the Insured with a defense of any claim based on or arising out of any dishonest, fraudulent or malicious act or omission by an Insured until the dishonest, fraudulent or malicious act or omission has been determined by adjudication, including regulatory ruling against or admission by such Insured**; but providing such a defense will not waive any of the Company's rights under this Policy.
Doc #: 13-7 PageID #: 438

72. Attorneys fees are not specifically mentioned in the Policy.

73. Costs taxed or awarded by courts are not specifically mentioned in the Policy.

74. Thus, the Policy's definition of damages ("Damages" means judgments, awards, and settlement…"), includes attorneys' fees and costs.

75. The Policy's exclusion of "damages" does not mention attorneys fees, costs, or other forms of compensatory relief and instead focuses on punitive penalties.

76. Attorneys fees, impartial hearing officer costs, and court reporter costs are compensatory in nature and not punitive in nature.

77. The Policy does not specifically define the terms "judgment" or "award," thus creating ambiguity in the policy.

78. Any ambiguity in the Policy should be construed against the drafter, or in this case, Wesco.

79. The Policy would provide Wallace and Bache a defense if they were engaged in disciplinary proceedings for the time period for which they were insured under the

30

Policy.

80. The Policy would provide Wallace and Bache a defense if a claim was brought against them for an act that was alleged to be dishonest, fraudulent, criminal or malicious act or omission by them for the time period for which they were insured under the Policy.

81. The allegations made against Wallace and Bache in the Complaints filed against them include statements that could be viewed as dishonest, fraudulent, malicious, or an omission.

82. There is no allegation nor are any of the entities in the Complaints against Wallace and Bache seeking any fines, sanctions, penalties or forfeitures.

83. The Policy does not exempt court costs, the opposing party's attorneys' fees, or the opposing party's costs from coverage of a claim.

84. The Policy provides the insured with a loss of earnings which would have required Wesco to reimburse Wallace and Bache for time they were obligated to spend in court while Wesco was defending the claim.

85. A reasonable person in the position of the insured would believe the words ""Damages" means judgments, awards and settlement…" would provide coverage for all claims that were not specifically indicated in the exclusions, including claims for attorneys fees or costs.

**B.      WESCO's INVESTIGATION OF CLAIMS**

86. Wesco's position is essentially that it would provide a defense for any claim, including a disciplinary proceeding or a claim based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an insured, but it will not defend a person if a claim for attorneys' fees or costs are made.

31

87. Wesco failed to conduct a complete, thorough, independent, and timely investigation of the claims and Complaints reported by Wallace and Bache or Roderick Linton Belfance LLP.

88. Wesco failed to perform any investigation into the claims made against Wallace and Bache.

89. Wesco failed to adequately research the IDEA, fee-shifting statutes and how they relate to claims under the Policy.

90. Wesco failed to adequately research what a fine, penalty, or sanction is in IDEA fee shifting cases when such claim was reported by Wallace and Bache or Roderick Linton Belfance LLP.

91. Wesco failed to properly pursue all leads regarding the allegations made against Wallace and Bache.

92. Wesco failed to interview any witnesses regarding the allegations made against Wallace and Bache.

93. Wesco did not attempt to call, email, conference, interview, depose, or otherwise speak to either Jason Wallace or Daniel Bache.

94. Wesco did not discuss any of the allegations in any of the claims against Wallace and Bache with any of Wallace or Bache's clients.

95. Wesco did not discuss any of the allegations in any of the claims against Wallace and Bache with any of Wallace or Bache's witnesses.

96. Wesco did not discuss any of the allegations in any of the claims against Wallace and Bache with any of Wallace or Bache's experts.

97. Wesco's investigation focused solely on the Complaints filed against Wallace and Bache.

98. Wesco did not attempt to ascertain, learn, discover, or investigate any facts of the underlying complaints filed by Wallace or Bache.

99. Wesco did not seek to review any documents, exhibits, Orders, or transcripts of the underlying administrative due process hearings that led to the complaints against Wallace or Bache.

100. Wesco did not seek to find out about any information possessed by Wallace or Bache at the time of the filing of the underlying due process complaints.

101. At all times Wallace and Bache were willing to assist Wesco's investigations or provide any documents or information.

102. Wesco refused to provide any information to Wallace or Bache regarding the Nordonia Claim.

103. In a series of emails in February 2017 between Jason Wallace and a representative for Amtrust North America, Judy Kahn, it was indicated that the "insured," Roderick Linton Belfance LLP, had already settled its claim with Nordonia Hills and that Wesco would not even issue a declination letter to Jason Wallace or Daniel Bache.

104. In the series of emails mentioned immediately above, Ms. Kahn specifically indicated, "there was no coverage position taken as the insured withdrew the claim. So we will not be issuing a coverage letter of any kind for that claim." To which Wallace responded by stating "[j]ust to be clear, Dan and myself did not withdraw our claim and we were insured as well. So, we are quite surprised with how your company has treated us." Ms. Kahn did not reply again, nor did any Wesco representative, leaving Wallace and Bache to defend themselves.

105. Wesco's denial of coverage did not mention any cases or examples defending its denial of coverage.

106. Had Wesco investigated the Complaints made against Wallace and Bache, it would

have discovered that one law firm is behind all the Complaints and that law firm has assisted in the filing of the Complaints against Wallace and Bache solely to chill protected activities of disabled children and families.

107.    Had Wesco investigated the Complaints made against Wallace and Bache, it would have discovered that Motions to Dismiss and/or Motion for Directed Verdicts were filed in many of the underlying cases in that make up the Complaints.  These Motions were always resolved in Wallace and Bache's clients favor and thus as a matter of law the underlying administrative due process hearings could not be frivolous.

**C.    WESCO AND ALTA'S REPRESENTATIONS TO THE PUBLIC**

108.    As of November 13, 2017, Wesco's website at http://www.wescoinsurance.com indicated the following:

   a.    "Whether you have the ideal history, preferred companies desire, or a not so perfect history, we find the right coverage, with the best company, at the best price for you. Our philosophy is to offer you the most valuable services possible to properly protect your family and assets.  *As an independent insurance agent we can offer the right coverages with the personal touch you would expect from your neighborhood insurance agent."*

   b.    "Our ultimate goal is for you to consider us not just your insurance agent, but as a member of your team representing your interests and money as though it was our own." http://www.wescoinsurance.com/about.aspx.

   c.    "Contractual Liability extends to any liability you may assume by entering into a variety of contracts." http://www.wescoinsurance.com/business/.

109.    As of November 13, 2017, Alta Pro Insurance's website at

http://www.altaproinsurance.com indicated the following:

    d. "We specialize in understanding and protecting professionals, their firms, and clients with special insurance risks and operations."

    e. "For over twenty years, the underwriters and account managers of Alta Pro have specialized in professional liability. Our programs and products offer broad coverage at competitive rates with highly rated insurers. You benefit from our knowledge and expertise in professional liability, and your clients benefit from the peace of mind that comes with knowing they have the right coverage at a fair price. Alta Pro provides you with great service and the ability to help you find coverage for unique risks."

    f. "Our programs and products offer broad coverage at competitive rates with highly rated insurers. You benefit from our knowledge and expertise in professional liability, and your clients benefit from the peace of mind that comes with knowing they have the right coverage at a fair price. Alta Pro provides you with great service and the ability to help you find coverage for unique risks."   http://www.altaproinsurance.com/Home/ProfessionalLiabilityInsurance.

    g. "Our professional liability products are underwritten through Wesco Insurance Company, a wholly owned subsidiary of AmTrust Financial Group. Rated "A"" (Excellent) financial size "XV" by A.M. Best, AmTrust Financial specializes in multinational commercial property and casualty risks and program business in commercial and professional liability niche markets." http://www.altaproinsurance.com/Home/ProfessionalLiabilityInsurance.

    h. "Defense costs coverage for disciplinary coverage."

35

http://www.altaproinsurance.com/Home/ProfessionalLiabilityInsurance.

i.  "Broad definition of insured."

http://www.altaproinsurance.com/Home/LawyersProfessionalLiabilityInsurance.

j.  "Broad definition of legal services."

http://www.altaproinsurance.com/Home/LawyersProfessionalLiabilityInsurance.

k.  "Clear duty to defend intentional acts."

http://www.altaproinsurance.com/Home/LawyersProfessionalLiabilityInsurance.

l.  "Coverage for innocent insureds."

http://www.altaproinsurance.com/Home/LawyersProfessionalLiabilityInsurance.

m.  "Alta Pro adheres to the highest standards of ethics and professionalism to

achieve superior results for our clients."

http://www.altaproinsurance.com/Home/About.

**D.  INDIVIDUALS WITH DISABILITIES EDUCATION ACT**

110.  The IDEA at 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) provides in relevant part:

(i.) Administrative procedures

*  *  *

B) Award of attorneys' fees
(i) In general
In any action or proceeding brought under this section, the court in its discretion, may
award reasonable attorneys' fees as part of the costs—
(I) to a prevailing party who is the parent of a child with a disability;
(II) to a prevailing party who is a State educational agency or local educational
agency against the attorney of a parent who files a complaint or
subsequent cause of action that is frivolous, unreasonable, or without
foundation, or against the attorney of a parent who continued to litigate
after the litigation clearly became frivolous, unreasonable, or without
foundation; or
(III) to a prevailing State educational agency or local educational agency
against the attorney of a parent, or against the parent, if the parent's
complaint or subsequent cause of action was presented for any improper

36

purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

111.    The IDEA only allows attorneys' fees as another form of costs pursuant to 28 USC 1920.

## CAUSES OF ACTION

## COUNT I

## DECLARATORY JUDGMENT

## WESCO

112.    Wesco contends Wallace and Bache have no coverage for the Complaints.

113.    Wesco contends it has no duty to defend Wallace and Bache for the allegations in the Complaints.

114.    Attorney fees and costs sought by a school district pursuant to IDEA's fee-shifting provision do not constitute a penalty, fee or sanction. There is no claim in the Complaint for punitive, exemplary or multiple damages.

115.    The Policy definition of Damages contains no exclusion for attorney fees sought against an Insured, nor is there any exclusion for costs, court reporter costs, or expenses of the Impartial Hearing Officer.

116.    Since the Policy definition of Damages does specifically exclude costs elsewhere in the same section, it is clear that Wesco intended to include such costs as part of Damages, which would trigger its responsibility to defend and indemnify.

117.    Wesco has no basis under the Policy to deny a defense and indemnity to Wallace and Bache under the Policy.

118.    Assuming arguendo, even if some portion of the claimed Damages were excluded by the Policy, Wesco would still have an obligation to provide a defense on the entire

37

actions.

119.      As a result of Wesco's breach of its obligation, Wallace and Bache have incurred attorney fees and other personal injuries in excess of $10,000.00 (Ten Thousand Dollars), and continue to incur additional fees.

## COUNT II

## BREACH OF CONTRACT

## WESCO

120.      In consideration for the payment of premiums, Wesco agreed to provide coverage to Wallace and Bache pursuant to the provisions of Policy.

121.      Wallace and Bache have performed their obligations under the Policy.

122.      Wesco has breached its obligation under the Policy to provide coverage and a defense to Wallace and Bache.

123.      As a result of Wesco's breach of its obligation, Wallace and Bache have incurred attorney fees and other personal injuries in excess of $10,000.00 (Ten Thousand Dollars), and continue to incur additional fees.

## COUNT III (CROSSCLAIM 1)

## BREACH OF CONTRACT (Professional Liability Coverage Generally)

## RODERICK LINTON BELFANCE LLP

124.      Pursuant to its contract with Wallace and Bache, Roderick Linton Belfance LLP was required to provide Wallace and Bache with "malpractice coverage."

125.      Roderick Linton Belfance did not fulfill its contract with Wallace and Bache when it did not provide either of them with appropriate professional liability insurance of "malpractice coverage" for their areas of legal practice.

38

126.     Wallace and Bache were not presented with any information about who the professional liability carrier was, what the policy was, what was included or excluded, any deductible costs, or any other information about the Policy.

127.     Roderick Linton Belfance LLP did not provide Wallace and Bache with any options to add or change the professional liability insurance coverage.

128.     Roderick Linton Belfance LLP was aware of Wallace and Bache's area of practice prior to their joining the firm.

129.     Roderick Linton Belfance LLP did not provide any training or instruction regarding any of its insurance policies, what to do if a claim was made, or how to properly report a claim.

130.     Roderick Linton Belfance LLP held Wallace and Bache out to the public as members of its firm.

131.     As a result of Roderick Linton Belfance LLP's breach of its obligation, Wallace and Bache have incurred attorney fees and other personal injuries in excess of $10,000.00 (Ten Thousand Dollars), and continue to incur additional fees.

132.     As a result of Roderick Linton Belfance LLP's breach of contract, Wallace and Bache have incurred attorney fees and other personal injuries in excess of $10,000.00 (Ten Thousand Dollars), and continue to incur additional fees.

**COUNT IV (CROSSCLAIM 1I)**

**BREACH OF CONTRACT (Settlement of the Nordonia Matter)**

**RODERICK LINTON BELFANCE LLP**

133.     Roderick Linton Belfance LLP breached its contract with Wallace and Bache by settling its portion of the Nordonia Hills Complaint, thus terminating any insurance

39

coverage Wallace and Bache would have.

134.     Roderick Linton Belfance LLP did not consult or discuss its settlement with Wallace or Bache.

135.     Roderick Linton Belfance LLP left Wallace and Bache to defend themselves, stripping them of any protections and defense they hoped to receive.

136.     As a result of Roderick Linton Belfance LLP's breach of its obligation, Wallace and Bache have incurred attorney fees and other personal injuries in excess of $10,000.00 (Ten Thousand Dollars), and continue to incur additional fees.

## COUNT V

## BAD FAITH DENIAL

## WESCO

137.     Wesco acted without reasonable justification by refusing to investigate and ultimately defend or indemnify Wallace and Bache.

138.     Wesco intentionally refused to assist with Wallace and Bache's claims and there was no lawful basis for the refusal and Wesco intentionally failed to determine if there was any lawful basis for such refusal.

139.     Instead of helping their clients, Wesco seized the first moment it could make an opportunistic breach of contract against Wallace and Bache.

140.     Wesco's actions, inactions, and failure to investigate the Complaints against Wallace and Bache show the company actions were arbitrary and capricious.

141.     Wesco has made numerous misrepresentations regarding the policy and Wallace and Bache's coverage under the Policy.

142.     Wesco's refusal to issue a denial letter in the Nordonia matter shows the company

40

never had any intention of providing coverage to Wallace and Bache regardless of the facts or circumstances.

143. Wesco acted with actual malice when denying Wallace and Bache's claims without doing any investigation or conducting appropriate research.

144. Wesco consciously disregarded Wallace and Bache's rights under the Policy and left Wallace and Bache to defend themselves.

145. Wesco exploited Wallace and Bache's vulnerable position by refusing to assist them in any manner related to the claims or allegations made against them.

146. Wesco made the claims process more difficult for Wallace and Bache by refusing to assist Wallace or Bache and by misrepresenting policy terms and coverage.

147. Wesco essentially "cherry-picked" the pieces of evidence that bolsters its argument to deny coverage to Wallace and Bache and refused to conduct a proper investigation into the allegations.

148. As a result of Wesco's bad faith denial of coverage regarding the allegations made against them in the Complaints, Wallace and Bache have experienced loss earnings and income, serious emotional harm, health complications, medical bills, harm to their reputations, incurred attorney fees and other personal injuries in excess of $10,000.00 (Ten Thousand Dollars), and continue to incur additional fees.

## COUNT VI

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## WESCO

149. Wesco's denial of coverage of multiple claims, caused an intentional infliction of emotional district to Wallace and Bache.

41

150.     The mental anguish suffered by Wallace and Bache is serious and of a nature that no reasonable person could be expected to endure it.

151.     Wesco's denial of multiple claims without a legitimate basis to do so, or because it failed to conduct an appropriate investigation, is extreme and outrageous and beyond the bounds of acceptable conduct in a civilized society.

152.     Insurance companies are supposed to provide peace of mind, Wesco provided an unsound mind to Wallace and Bache.

153.     It is foreseeable that denying the insurance five insurance claims, when Wallace and Bache believed they were covered, would cause serious emotional harm.

154.     The emotional distress has caused Wallace and Bache loss of earning, loss of earning potential, serious emotional harm, health complications, medical bills, harm to their reputations, incurred attorney fees and other personal injuries in excess of $10,000.00 (Ten Thousand Dollars), and continue to incur additional fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Wallace and Bache requests that this Honorable Court:

1. ISSUE an order declaring that the Policy contains coverage for the Complaints, or in the alternative that Wesco has a duty to defend;

2. ORDER Wesco to provide a defense and assign competent counsel familiar with the IDEA to defend Wallace and Bache in the Complaints.

3. ORDER Wesco to compensate Wallace and Bache in the amount of attorney fees with prejudgment interest to be determined at the conclusion of this lawsuit and for other damages they have incurred as the result of Wesco's actions or inactions;

   a. Or in the alternative, ORDER Roderick Linton Belfance LLP to fund the defense

42

of Wallace and Bache in the IDEA cases against them; and

    b.  ORDER Roderick Linton Belfance LLP to indemnify Wallace and Bache in the IDEA cases against them;

    c.  Order Roderick Linton Belfance LLP to compensate Wallace and Bache in the amount of attorney fees with prejudgment interest to be determined at the conclusion of this lawsuit and for other damages they have incurred as the result of Roderick Linton Belfance's actions or inaction;

4.  ORDER Wesco to pay punitive damages to Wallace and Bache for denying the above mentioned claims in bad faith.

5.  GRANT such other relief as the Court deems to be just, equitable and appropriate.

Respectfully submitted,

*/s/ Jason D. Wallace*
Jason D. Wallace (0090167)
270 S Cleveland Massillon Rd
Fairlawn, Ohio 44333
P: 234-466-0829
F: 866-573-8377
Jason@GetHelpOhio.com
*Attorney for Defendant Bache*

*/s/ Daniel R. Bache*
Daniel R. Bache (0086045)
270 S Cleveland Massillon Rd
Fairlawn, Ohio 44333
P: 234-466-0829
F: 866-573-8377
Dan@GetHelpOhio.com
*Attorney for Defendant Wallace*