

AmTrust North America
An AmTrust Financial Company

Judi P. Kahn
312.577.7347
Judi.kahn@amtrustgroup.com

January 10, 2017

***Via certified mail and electronic mail to:  dan@gethelpohio.com***

Daniel R. Bache, Esq.              Jason D. Wallace, Esq.
Wallace & Bache LLC                Wallace & Bache LLC
270 S. Cleveland Massillon Road    270 S. Cleveland Massillon Road
Fairlawn, Ohio 44333               Fairlawn, Ohio 44333


Matter:     Solon City School District Board of Education
Policy No.: WPP1096239-02
Claim No.:  2485446
Insured:    V. James DeSimone Law
Insurer:    Wesco Insurance Company


Dear Messrs. Bache and Wallace:

This letter will provide the coverage position of Wesco Insurance Company ("Wesco") regarding the lawsuit filed by the Solon City School District Board of Education (the "Board") against Roderick Linton & Belfance LLP (the "Roderick Firm"), attorney Kristopher Immel ("Immel") and others pending in the U.S. District Court for the Northern District of Ohio ("the complaint").

It is our understanding that you are seeking indemnification and defense for the claims made against the Roderick Firm and Immel.  AmTrust has reviewed the complaint and subject policy, and has considered our discussion regarding this matter as well.  Based on this review, AmTrust must respectfully disclaim coverage for this matter.  Accordingly, AmTrust will not provide either indemnity or a defense with respect to the complaint.

In order to explain the coverage issues, the allegations against the insureds must be discussed.   AmTrust understands that these allegations may be untrue, incomplete or embellished, and AmTrust does not conclude that any allegation is true.  No statement in this letter should be construed otherwise.

## I.     FACTUAL BACKGROUND

The Board has filed its "Complaint for Recovery of Fees Pursuant to the Individuals with Disabilities Education Act ("IDEA") in the United States District Court for the Northern District of Ohio, case no. 16-cv-2847 (the "Fee Action") against the Roderick Firm, Immel, Jason D. Wallace ("Wallace"), Daniel R. Bache ("Bache") and Wallace & Bache, LLC (the "Wallace Firm"). The Fee Action is brought pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III), which provide that a court may award reasonable attorneys'

Daniel R. Bache, Esq.
Jason D. Wallace, Esq.
January 10, 2017
Page 2


fees to a prevailing party who is a local education agency against the attorneys of a Kurt parent who files a complaint or continues to litigate a matter that is frivolous, unreasonable or without foundation or whose complaint was presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation.

According to the complaint in the Fee Action, Wallace filed an IDEA due process complaint against the Board on April 14, 2015 on behalf of the K.M., a minor child who he alleged was eligible to receive special education and related services, and her parent, Lucia Mack ("Mack"). The complaint asserts that Wallace and Bache were identified as counsel of record for the Petitioners and, at the time Wallace filed the IDEA due process complaint, Wallace and Bache were employed by the Roderick Firm. According to the Fee Action complaint, the IDEA due process complaint was entirely without merit and that K.M. was not identified as or suspected to be a child with a disability. The complaint asserts that the Board filed a response on April 24, 2015 which placed Mack, Wallace and Bache on notice of its intent to seek fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III). The complaint alleges that Wallace and Bache continued to pursue to IDEA due process complaint until it was dismissed without prejudice on July 1, 2015 by the assigned Impartial Hearing Officer ("IHO").

The complaint in the Fee Action asserts that the Board performed an evaluation of K.M. and concluded that K.M. was not a student with a disability under the IDEA. The Board allegedly discussed the results of the evaluation, documented in an evaluation team report ("ETR"), with Mack and Wallace, who directed Mack to sign the ETR in disagreement and immediately request an independent education evaluation ("IEE"). On July 21, 2016, the Board allegedly initiated a due process complaint with the Ohio Department of Education to avoid funding an IEE. The complaint in the Fee Action asserts that Bache and the Roderick Firms filed a response to the Board's due process complaint which contained numerous statements that were known or should have been known by the defendants to be false.

According to the complaint, Wallace re-filed the IDEA due process complaint on behalf of K.M. and Mack on August 24, 2015. The Fee Action complaint asserts that the August 24, 2015 due process complaint also contained factual allegations that were or should have been known to be false by the defendants and included allegations and requests for relief which the defendants knew or should have known did not fall within the jurisdiction of the IHO. The Fee Action complaint also asserts that the defendants filed a frivolous motion requesting that the IHO recuse herself, which was denied. Additionally, the complaint asserts that the defendants failed to respond to the Board's motion to dismiss, failed to meet disclosure deadlines and other deadlines set by the IHO and filed frivolous motions and issued frivolous subpoenas. The complaint also alleges that the defendants misrepresented to the IHO that Mack had not obtained an independent evaluation of K.M. when a private evaluation had been performed which contained results similar to those obtained by the District and reported in the ETR.

According to the complaint, these actions were undertaken without foundation, for an improper purpose and were intended to, and did, harass the Board and increase the cost of litigation. Additionally, the complaint contends that during the January 27, 2016 due

Daniel R. Bache, Esq.
Jason D. Wallace, Esq.
January 10, 2017
Page 3

process hearing, documentary and testimonial evidence, including evidence elicited by Bache and Immel, demonstrated that the defendants' claims were without foundation, frivolous, unreasonable and were intended to harass the Board as well as unnecessarily increase the duration and cost of litigation for the Board.

The complaint in the Fee Action asserts that the IHO issued a final decision on April 29, 2016 finding in favor of the Board on all claims presented. According to the complaint, the IHO's April 29, 2016 decision made clear that there was no evidentiary support for the claims and defenses brought by the defendants and that their conduct was inappropriate, unprofessional and served only to protract and inflate the costs of the hearing.

According to the complaint, all conduct undertaken by Wallace, Bache and Immel prior to the IHO's April 29, 2016 decision was done while they were employed by the Roderick Firm, and was undertaken in the course and scope of that employment. The complaint asserts that the Roderick Firm failed to properly supervise Wallace, Bache and Immel, and ratified the conduct of Wallace, Bache and Immel by failing to control their actions or mitigate the damage caused by their frivolous and sanctionable conduct.

On May 1, 2016, Wallace and Bache left the Roderick Firm and formed Wallace & Bache, LLC, and while employed by the Wallace Firm, continued to litigate the IDEA due process complaint by appealing the IHO's decision on June 13, 2016 and other matters to the State Level Review Officer ("SLRO") appointed by the Ohio Department of Education. According to the complaint, the brief submitted by Wallace and Bache failed to set forth facts or law to support that the IHO's final decision was in error or contrary to law, and misstated facts and raised additional and false claims. The complaint asserts that the SLRO issued a decision on November 7, 2016 upholding the IHO's final decision. The SLRO's decision found that certain of Wallace and Bache's claims in the appeal were without merit or reasonable basis.

The complaint asserts that the Board, as the prevailing party, is entitled to fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) for work performed in relation to the defendants' continued litigation of their meritless claims. The complaint contends that the Board is entitled to an award of attorneys' fees for work performed related to the defendants' August 24, 2015 due process complaint and its July 21, 2015 due process complaint because the defendants' claims and defenses were frivolous, without foundation, and based on factual allegations that were in error, and which caused the Board to incur $84,013.61 in attorneys' fees, plus $19,433.39 in court reporter fees, $30,185.10 in court fees and other fees that continue to accrue.

## II.    THE WESCO POLICY

Wesco issued a claims-made Lawyers Professional Liability Policy to the Roderick Firm for the period June 14, 2016 to June 14, 2017 under policy number WPP1096239 02 (the "Policy"). The Policy contains limits of liability of $2 million for each claim and $4 million in the aggregate, and is subject to a $15,000 per claim deductible that applies to both loss and claim expenses.  The Policy has a retroactive date of February 1, 2015 for insured attorney Kristopher Immel.

Daniel R. Bache, Esq.
Jason D. Wallace, Esq.
January 10, 2017
Page 4

The Policy contains the following Insuring Agreement:

### INSURING AGREEMENT

A.     **Coverage**

The **Company** will pay on behalf of the **Insured** sums in excess of the deductible that the **Insured** shall become legally obligated to pay as **damages** because of a **claim** that is first made against the **Insured** and reported to the **Company** during the **policy period** or any Extended Reporting Period arising out of an act or omission in the performance of **legal services** by the **Insured** or by any person for whom the **Insured** is legally liable, provided that:

1.     prior to the inception date of the **policy period**, the **Insured** did not give notice under any other insurance policy of such **claim** or **related claim** or such act or omission or **related act or omission**; and

2.     prior to the inception date of the first policy, or if this policy has been continuously renewed, prior to the inception date of the first policy issued by the Company, no **Insured** knew of or could reasonably have foreseen that any such act or omission, or **related act or omission**, might be expected to be the basis of a **claim**.

The **Company** shall also pay **claim expenses** in connection with such **claim**.

The Policy contains the following definitions:

A.     "**Claim**" means a written or verbal demand received by the **Insured** for money or services arising out of an act or omission, including **personal injury**, in rendering or failing to render **legal services**. A demand shall include the service of suit or the institution of an arbitration proceeding against the **Insured**.

\*          \*          \*

D.     "**Damages**" means judgments, awards and settlement if negotiated with the assistance and approval of the Company. **Damages** do not include:

\*          \*          \*

3.     civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing;

\*          \*          \*

G.     "**Insured**" means the **Named Insured**, **predecessor firm** and the persons or entities described below:

1.     Any lawyer, partnership, professional corporation, professional association, limited liability corporation or limited liability partnership who is or becomes a partner, officer, director,

Daniel R. Bache, Esq.
Jason D. Wallace, Esq.
January 10, 2017
Page 5

stockholder- employee, associate, manager, member or salaried employee of the **Named Insured** during the **policy period** shown in the Declarations;

2. Any lawyer previously affiliated with the **Named Insured** or a **predecessor firm** as a partner, officer, director, stockholder-employee, associate, manager, member or salaried employee but only for **legal services** performed on behalf of the **Named Insured** or a **predecessor firm** at the time of such affiliation;

\* \* \*

H. "**Legal services**" mean:

1. those services performed by an **Insured** for others as a lawyer, arbiter, mediator, title agent, a notary public, or member of a bar association, ethics, peer review or similar professional board or committee but only if such services are performed for a fee that inures to the benefit of the **Named Insured** except that no fee need inure to the **Named Insured** where eleemosynary (pro bono) services are performed and approved by the **Named Insured**. Any title agency or company, on whose behalf the **Insured** acts as title agent or designated issuing attorney, is not an **Insured** under this Policy;

2. those services performed by an **Insured** as an administrator, conservator, receiver, executor, guardian, trustee or in a fiduciary capacity excluding acts of a "fiduciary" as defined under the Employee Retirement Income Security Act of 1974 and its amendments or any regulation or order issued pursuant thereto or any other similar state or local law. Services performed by an **Insured** as an administrator, executor or trustee must be services ordinarily rendered by a lawyer and with the approval of the **Named Insured** at the time of retention.

\* \* \*

M. "**Related act or omission**" means all acts or omissions in the rendering of **legal services** that are temporally, logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision.

The Policy contains the following exclusion:

This Policy does not apply:

A. to any **claim** based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an **Insured**, however, the **Company** shall  provide the **Insured** with a defense of any **claim** based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an Insured until the dishonest, fraudulent, criminal or malicious act or omission has been determined by adjudication, including regulatory ruling against or admission by such **Insured**; but providing such a defense will not waive any of the **Company's** rights under this policy;

Daniel R. Bache, Esq.
Jason D. Wallace, Esq.
January 10, 2017
Page 6

The Policy contains the following condition:

E.      Other Insurance

If there is other insurance that applies to the **claim**, this insurance shall be excess over such other valid and collectible insurance whether such insurance is stated to be primary, contributory, excess, contingent or otherwise. This does not apply to insurance that is purchased by the **Named Insured** specifically to apply in excess of this Policy.

## III.    <u>DISCLAIMER OF COVERAGE</u>

The Policy provides coverage for sums in excess of the deductible that the Insured shall become legally obligated to pay as damages because of a claim that is first made against the Insured and reported to the Company during the policy period arising out of an act or omission in the performance of legal services by the Insured. The definition of "damages" includes judgments, awards and settlements but excludes, in relevant part, "civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing."

The only relief sought in the Fee Action are the Board's costs and attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III), which provide that fees may be awarded against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation or if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation. Such relief is specifically excluded from the definition of "damages" as "civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to federal, state or local law, statute, regulation or court rule and injuries that are a consequence of any of the foregoing." Accordingly, because the Fee Action does not seek any relief which constitutes "damages," no coverage is available under the Policy.

Moreover, the Policy will not provide coverage if, prior to the inception date of the first policy issued by Wesco, or if this policy has been continuously renewed, prior to the inception date of the first policy issued by the Company, an insured knew of or could reasonably have foreseen that any act or omission, or "related act or omission," might be expected to be the basis of a claim. The inception date of the first policy issued to the Roderick Firm is June 14, 2015. The Fee Action asserts that in its April 24, 2015 response to the April 14, 2015 due process complaint, the Board placed Wallace and Bache on notice of its intent to seek fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III). Thus, to the extent any insured knew or could reasonably have foreseen that the filings might be expected to form the basis of a claim, no coverage will apply. To the extent all of the requirements of the Policy insuring agreement are not satisfied, no coverage applies.

In addition, we understand that Bache and Wallace left the Roderick Firm on May 1, 2016. To the extent the Fee Action concerns acts by Bache and Wallace while not an

Daniel R. Bache, Esq.
Jason D. Wallace, Esq.
January 10, 2017
Page 7

attorney at the Roderick Firm or as an attorney for the Wallace Firm, which is not an insured under the Policy, Bache and Wallace do not qualify as insureds under the Policy.

Further, Exclusion A provides that the Policy does not cover any claims based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an insured. The Fee Action alleges that the defendants continued to litigate claims that were frivolous, unreasonable and without foundation. Accordingly, there is no coverage under the Policy if an adjudication establishes that an insured committed a dishonest, fraudulent or malicious act or omission.

Finally, Condition E provides that if there is other insurance that applies to the claim, the Policy shall be excess over such other valid and collectible insurance whether such insurance is stated to be primary, contributory, excess, contingent or otherwise. Wallace and Bache may have insurance coverage through the Wallace Firm. Accordingly, Wesco reserves its rights to the extent there is "other insurance" which may provide coverage for the allegations and relief sought by the Board.

Therefore, for all of the foregoing reasons, neither a defense nor indemnity will be provided under the Policy for the complaint.  Please consider putting any other carrier you may have on notice of this matter.

Please be advised that nothing contained in this letter constitutes a waiver of any rights or defenses that Wesco has under the Policy. Wesco reserves all of its rights and defenses under the Policy and applicable law. Please also be advised that the coverage position taken by Wesco is based entirely upon presently available information. There may be other coverage defenses, not yet apparent, which may come to light as the matter proceeds. This letter is not intended to be a complete recitation of all of the potentially applicable provisions of the Policy, and Wesco expressly reserves the right to assert further coverage defenses and identify additional policy provisions in the future. We hereby reserve all of our rights and coverage defenses under all of the Policy's terms, exclusions, conditions, and definitions, as well as under applicable law. No action taken by us or on our behalf shall constitute either an admission of coverage under the Policy or an acknowledgment to pay damages in any judgment or settlement.

AmTrust will reconsider its position in light of any additional information you may have or any analysis you may wish to present that, in your opinion, shows that coverage applies to this claim. If you wish us to re-examine this matter on that basis, please write to the undersigned representative, setting out any such additional information or analysis. If such additional information is included in documents that have not already been supplied to AmTrust, please enclose copies of those documents.

If you have any questions or concerns regarding AmTrust's coverage opinion, please do not hesitate to contact me.

Sincerely,

Judi P. Kahn, JD, Senior Claims Analyst
Wesco Insurance Company, AmTrust North America, a Company of AmTrust Financial
Services, Inc.

cc:      rcamilleri@altaproinsurance.com