PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WESCO INSURANCE COMPANY, | ) |
| | ) CASE NO. 1:17CV1813 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| RODERICK LINTON BELFANCE LLP, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) [Resolving ECF Nos. 53, 55, 56] |

Pending are cross-motions for summary judgment filed by Defendants Roderick Linton Belfance, LLP ("RLB") and Kristopher Immel (collectively, "RLB Defendants") (ECF No. 53), Plaintiff Wesco Insurance Company ("Wesco") (ECF No. 55), and Defendants Jason D. Wallace and Daniel R. Bache (ECF No. 56).

Wesco initiated this action for a declaratory judgment against Defendants RLB, Immel, Wallace, and Bache to determine whether Wesco had a duty to defend or indemnify Defendants in several actions filed against them under the Individuals with Disabilities Education Act ("IDEA") fee-shifting provision, 20 U.S.C. § 1415(i)(3)(B)(II) and (III).[1] The parties have filed

---

[1] In filing this action, Wesco also named the Akron Board of Education (the "Akron Board"), Nordonia Hills City School District Board of Education (the "Nordonia Hills Board"), Solon City School District Board of Education (the "Solon Board"), and Cleveland Heights University Heights City School District Board of Education (the "Cleveland Heights Board") (collectively the "School Districts") as Defendants in this action. ECF No. 13. Wesco states that the School Districts are named as Defendants

(continued...)

1

(1:17CV1813)

memoranda in opposition. ECF Nos. 58, 59, 60, and 61. They have also filed replies. ECF Nos. 62, 63, and 64. The Court has been advised, having reviewed the record, the parties' briefs, and applicable law. For the reasons that follow, Plaintiff's motion, ECF No. 55, is granted, and Defendants RLB, Immel, Wallace, and Bache's motions, ECF Nos. 53 and 56, are denied.

## I. Factual and Procedural Background[2]

Wesco issued Defendant RLB two Lawyers Professional Liability insurance policies that covered individual Defendants Immel, Wallace, and Bache — who were employed by RLB as employees or independent contractors — for certain compensable injuries during the insured periods. ECF Nos. 51-8, 51-9. The policies at issue in the present action were valid from June 14, 2015, to June 14, 2016 (the "2015 Policy"), and June 14, 2016, to June 14, 2017 (the "2016 Policy") (hereinafter individually a "Policy" or collectively the "Policies"). The Policies provide, in part:

**INSURING AGREEMENT**

---

[1](...continued)
only because they may have an interest in the subject matter of this action, and that it does not seek relief from the School Districts other than to bind them to the outcome of this action. *Id.* at PageID#: 257.

[2] The Case Management Plan (ECF No. 47) entered on February 6, 2018 provides, in pertinent part:
> Lead counsel of record shall confer with one another in person in order to prepare written stipulations as to all uncontested facts to be presented by the dispositive motions. The stipulations shall be filed with the Court on or before February 28, 2018.

ECF No. 47 at PageID#: 1035. No fact stipulations were filed. Instead, the parties filed a stipulation indicating that certain exhibits were uncontested. ECF No. 51. This does not comply with the Court's order. Upon reviewing the briefing, it is patent that the parties could have stipulated to certain facts.

(1:17CV1813)

### A. Coverage

The Company [Wesco] will pay on behalf of the Insured sums in excess of the deductible that the Insured shall become legally obligated to pay as **damages** because of a claim that is first made against the Insured and reported to the Company during the policy period or any Extended Reporting Period arising out of an act or omission in the performance of legal services by the Insured or by any person for whom the Insured is legally liable, provided that:

1. prior to the inception date of the policy period, the Insured did not give notice under any other insurance policy of such claim or related claim or such act or omission or related act or omission; and

2. prior to the inception date of the first policy, or if this policy has been continuously renewed, prior to the inception date of the first policy issued by the Company, no Insured knew of or could reasonably have foreseen that any such act or omission, or related act or omission, might be expected to be the basis of a claim.

The Company shall also pay claim expenses in connection with such claim.

### B. Defense

The Company shall have the right and duty to defend, subject to and as part of the Limits of Liability, any claim against the Insured seeking **damages** which are payable under the terms of this Policy even if any of the allegations of the claim are groundless, false or fraudulent.

ECF Nos. 51-8 at PageID#: 1291; 51-9 at PageID#: 1316 (emphasis added). The Policies define

"damages" to mean "judgments, awards and settlement if negotiated with the assistance and

approval of the Company," and they expressly exclude "sanctions" from the definition. ECF No.

51-8 at PageID#: 1292-93; 51-9 at PageID#: 1317-18.

The Akron Board of Education (the "Akron Board"), Nordonia Hills City School District

Board of Education (the "Nordonia Hills Board"), Solon City School District Board of Education

(the "Solon Board"), and Cleveland Heights    University Heights City School District Board of

3

(1:17CV1813)

Education (the "Cleveland Heights Board") (collectively the "School Districts") filed separate complaints for recovery of fees pursuant to IDEA, 20 U.S.C. § 1415(i)(3)(B)(II) and (III) (the "IDEA fee-shifting provision"), against Defendants RLB, Immel, Wallace, and Bache, alleging that Defendants filed IDEA due process complaints that were frivolous, unreasonable, and without foundation, and that the claims asserted therein were based on factually erroneous allegations.[3] ECF No. 55-1 at PageID#: 1551-58. In turn, Defendants RLB, Immel, Wallace, and Bache sought for Wesco to provide a defense to the School Districts' lawsuits (and indemnification if necessary) pursuant to the 2015 and 2016 Policies.[4][5] *See* ECF Nos. 53 and 56. They also argue that Wesco's failure to defend and indemnify is a breach of contract.

---

[3] The School Districts filed their respective actions seeking the recovery of attorney fees pursuant to IDEA after the impartial hearing officer and state law review officer issued decisions in favor of the School Districts. ECF Nos. 55-1 at PageID#: 1553-57; 51-1; 51-2; 51-3; 51-4; 51-5; 51-6; 51-7.

[4] In its motion for summary judgment, Defendant RLB states: "The RLB Defendants have negotiated settlements and obtained 'with prejudice' dismissals from all plaintiffs in the Nordonia Hills Lawsuit, the Cleveland Heights (H.S.) Lawsuit and the Cleveland Heights (Ayan) Lawsuit (collectively the 'Settled School District Lawsuits'). The RLB Defendants are not seeking for Wesco to provide a defense or to indemnify the RLB Defendants for payment of the settlements reached in the Settled School District Lawsuits, and the RLB Defendants' Motion for Summary Judgment does not involve those lawsuits. The RLB Defendants are requesting summary judgment in their favor, determining that Wesco has a duty to defend and ultimately to potentially indemnify the RLB Defendants with respect to the Akron Lawsuit and the Solon Lawsuit . . . ." ECF No. 53-1 at PageID#: 1335.

[5] Defendants Wallace and Bache have settled the claims brought against them by the Cleveland Heights School Board. *See* Case No. 5:17-cv-553, ECF Nos. 33, 34. They seek defense and indemnification from Wesco only as to the remaining School District cases.

4

(1:17CV1813)

In short, three motions for summary judgment are pending. Wesco asks for a declaration that it is not obligated to defend and indemnify any of the Defendants. ECF No. 55. Defendants RLB and Immel seek the opposite declaration against Wesco as to the Akron and Solon lawsuits[6] and to recover from Wesco for an alleged breach of their insurance contract. ECF No. 53. Defendants Wallace and Bache seek a declaration insisting that Wesco defend and indemnify them as to all remaining School District lawsuits and to recover from Wesco for an alleged breach of their insurance contract. ECF No. 56.[7]

**II. Standard of Review**

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a); *see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the

---

[6] *See Akron Board of Education v. Jason D. Wallace, et al.*, Case No. 5:16-cv-0188 (the "Akron Lawsuit") and *Solon City School District Board of Education, et al. v. Jason D. Wallace*, Case No. 5:16-cv-2847 (the "Solon Lawsuit")." ECF No. 50 at PageID#: 1056.

[7] Per the Court's Case Management Order, the parties "agreed that discovery relating to (1) counterclaims for bad faith denial and intentional infliction of emotional distress asserted by Jason D. Wallace and Daniel R. Bache against Wesco Insurance Company (ECF No. 25, Counts V & VI); (2) crossclaims for breach of contract asserted by Jason D. Wallace and Daniel R. Bache against Roderick Linton Belfance, LLP (ECF No. 25, Counts III & IV); and (3) crossclaims asserted by Roderick Linton Belfance, LLP against Jason D. Wallace and Daniel R. Bache (ECF No. 28) are bifurcated and stayed pending resolution of the declaratory judgment and contractual claims regarding insurance coverage." ECF No. 47 at PageID#: 1033.

5

(1:17CV1813)

burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees.*, 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). To defeat the motion, the non-moving party must "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

"The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). The fact under dispute must be "material," and the dispute itself must be "genuine." A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Scott*, 550 U.S. at 380. In determining whether a factual issue is "genuine," the Court assesses whether the evidence is such

6

(1:17CV1813)

that a reasonable jury could find that the non-moving party is entitled to a verdict. *Id.* ("[Summary judgment] will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.")

This standard of review does not differ when reviewing cross-motions for summary judgment rather than a motion filed by only one party. *U.S. SEC v. Sierra Brokerage Servs., Inc.,* 712 F.3d 321, 327 (6th Cir. 2013).

### III. Law and Analysis

The Court first considers whether the recovery sought by the School Districts constitutes "damages" under the Policies. Put briefly, if the attorney-fee recovery sought by the School Districts is appropriately classified as "damages," then it is expressly contemplated by the insurance Policies. If the attorney-fee recovery sought by the School Districts is better classified as "sanctions," then the Policies expressly exclude it from coverage.

**A. The IDEA Fee-Shifting Provision**

Under IDEA, a school district can recover attorney fees and costs from an attorney who files a complaint that is "frivolous, unreasonable, or without foundation" or "continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation."[8] 20 U.S.C. § 1415(i)(3)(B)(i)(II). It can also recover attorney fees and costs from the student's parents or from

---

[8] With respect to a prevailing school district's ability to recover administrative hearing "costs" under § 1415(i)(3)(B)(i)(II) and(III), the Court previously determined that, under the Sixth Circuit's ruling in *Utica Cmty. Sch. v. Alef*, 2017 WL 4461075, at *3 (6th Cir. Oct. 6, 2017), such expenses are contemplated by the IDEA fee-shifting provision. *See* Case No. 5:16CV188, ECF No. 58 at PageID#: 967 ("Accordingly, the Court has 'wide discretion' to consider Plaintiff's request for such costs under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III).").

7

(1:17CV1813)

their attorney if the suit was presented for "any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." *Id.* § 1415(i)(3)(B)(i)(III).

"IDEA's fee-shifting provision is to be interpreted consistent with 42 U.S.C. § 1988, the attorney-fees provision for civil rights actions." *Wikol ex rel Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004) (citing *Phelan v. Bell*, 8 F.3d 369, 373 (6th Cir. 1993). It is well settled that, under § 1988, a defendant may recover attorney fees from a plaintiff only when the suit was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (citing *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994). "An award of attorney's fees against a losing plaintiff in a civil rights action is an extreme *sanction*, and must be limited to truly egregious cases of misconduct." *Riddle*, 266 F.3d at 547 (internal quotation omitted) (emphasis added)..

Other federal courts have concluded that fee-shifting under IDEA is a sanction. The Ninth Circuit in *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.* analogized the IDEA fee-shifting provision to Rule 11: "The legislative history [of IDEA] . . . reveals that section 1415(i)(3)(B)(i)(III) 'comes from another well-established Federal law: Federal Rule of Civil Procedure 11.'" 631 F.3d 1117, 1131 (9th Cir. 2011). Rule 11 "subject[s] parties to sanction for filing pleadings with an 'improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.'" *Id.* In a different case, the Ninth Circuit described IDEA fee-shifting as an "authorized sanction[]" that "penalizes parents or their attorney . . . ." *Anchorage Sch. Dist. v. M.P.*, 689 F.3d 1047, 1057 (9th Cir. 2012). District courts for the

8

(1:17CV1813)

District of Columbia and the District of Colorado expressly describe IDEA fee shifting as a sanction. *Dist. of Columbia v. Nahass*, 699 F. Supp. 2d 175, 183 (D.D.C. 2010) ("acted in a sanctionable manner under 20 U.S.C. § 1415(i)(3)(B)(i)"); *Smith v. Cheyenne Mountain Sch. Dist. 12*, 2017 WL 2791415, at *20 (D. Colo. May 11, 2017) ("IDEA's sanction provisions").

A "sanction" is "a penalty or coercive measure that results from failure to comply with a law, rule, or order." Black's Law Dictionary (10th ed. 2014). *See* ECF Nos. 53-1 at PageID#: 1350-51 ("[C]ourts interpreting similar insurance provisions have defined 'sanctions' as a 'penalty or punishment provided as a means of enforcing obedience to a law."); 59 at PageID#: 1645 ("The term 'sanction' has a clear legal meaning under Ohio law as a 'penalty or coercive measure that results from failure to comply with a law, rule, or order.'"). The IDEA fee-shifting provision fits comfortably inside that definition. The language and function of 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) mirror fee-shifting under § 1988 and Rule 11, both of which are undoubtedly "sanctions."

The Court concludes that fee-shifting under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) is a sanctioning operation. Whether that classification bears on Wesco's responsibility to defend and indemnify Defendants is addressed below.

### B. Duty to Defend and Indemnify

The 2015 and 2016 Policies provide that Wesco is obligated to pay those sums that become Defendants "damages," and that "damages" means "judgments, awards and settlement." "Damages" expressly excludes "sanctions." ECF Nos. 55-1 at PageID#: 1559 ("Damages do not include . . . civil or criminal fines [or] sanctions . . . ."); 51-8 at PageID#: 1293; 51-9 at PageID#:

9

1318. The Sixth Circuit has held that an insurer is free to specify exactly what constitutes "damages" for purposes of the insurance coverage, and may include or exclude costs taxed by the court as it chooses. *City of Sandusky, Ohio v. Coregis Ins. Co.*, 192 F. App'x 355, 359-60 (6th Cir. July 14, 2006) (affirming district court decision that attorney fees awarded under § 1988 were not "damages" or "costs" as contemplated in the language of the insurance contract) (internal citation omitted). "[W]here an insurance contract does not rely on the traditional legal definitions of 'damages,' the question of whether an award fits into this category under the contract is one of state insurance law." *Id.*

If the terms of a contract are clear and unambiguous, a court must enforce the contract as written, giving words used in the contract their plain and ordinary meaning. *See Cincinnati Indemn. Co. v. Martin*, 85 Ohio St.3d 604, 710 N.E.2d 677, 679 (1999). Likewise, when an exclusionary clause in an insurance contract is clear and unambiguous, Ohio law requires that the plain language of the clause be given effect. *Thomas Noe, Inc. v. Homestead Ins. Co.*, 173 F.3d 581 (6th Cir. 1999) (internal citation omitted). In determining the plain meaning of a contractual term, the court will read the contract as a whole and, to the extent possible, give each word its natural meaning. *Hartzell Indus., Inc. v. Fed. Ins. Co.*, 168 F.Supp.2d 789, 793 (S.D. Ohio 2001) (citation omitted).

Because the Court finds that fee-shifting under IDEA is a sanction, there is nothing to interpret. The Policies define "damages" to include "judgments, awards and settlement," and they expressly exclude "sanctions" from that definition. *See* ECF Nos. 51-8, 51-9. That exclusion is unambiguous.

(1:17CV1813)

Applying Ohio insurance law, the Sixth Circuit has held that "where the insurer's duty to defend is not apparent from the pleadings, no duty to defend exists unless the complaint is 'vague, ambiguous, nebulous or incomplete' so that a 'potential for coverage' exists." *See* M/G Transport Serv., Inc. v. Water Quality Ins. Syndicate, 234 F.3d 974, 977 (6th Cir. 2000) (citing Zanco, Inc. v. Michigan Mut. Ins. Co., 464 N.E.2d 513, 514 (1984) (insurer has no duty to defend when an exclusion in the contract places the claim beyond the scope of the policy's coverage)).

In this case, the School Districts seek fees under the IDEA fee-shifting provision, 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III), on the ground that Defendants' due process complaints were "frivolous, unreasonable, lacked foundation, or brought for an improper purpose." ECF Nos. 53; 55-1; 56 at PageID#: 1574, 1577. Nothing about the School Districts' request is "vague, ambiguous, nebulous, or incomplete," such that a "potential for coverage" might exist. *See* M/G Transport Servs., 234 F.3d at 977.

In other words, the School Districts seek a sanction award against Defendants. Defendants' insurance policy does not cover actions for sanctions. Defendants' insurer, therefore, does not have a duty to defend or indemnify them in the fee actions.[9]

---

[9] "[A]n insurer's duty to indemnify is separate and distinct from its duty to defend." *M/G Transport Servs.*, 234 F.3d at 979. *See* Lessak v. Metro. Cas. Ins. Co. of New York, 169 Ohio St. 153, 151 N.E.2d 730, 733 (1958). "The duty to indemnify is based on whether there is, in fact, liability under the policy." *M/G Transport Servs.*, 234 F.3d at 979 (citing Chemstress Consultant Co. v. Cincinnati Ins. Co., 128 Ohio App.3d 396, 715 N.E.2d 208, 212 (1998)). It is uncontested that Defendants' exposure in the fee actions arises entirely under the IDEA fee-shifting provision. *See* ECF No. 51. Because the Court concludes that such claims are not covered by the Policies, the Court also finds
(continued...)

(1:17CV1813)

Defendants RLB and Immel argue that, even if Wesco does not cover Defendants Wallace and Bache under the Policies, it must nevertheless defend and indemnify RLB and Immel because the latter are innocent insured parties. ECF No. 53-1 at PageID#: 1357. That is, if any conduct were sanctionable, it was Wallace and Bache's conduct, not RLB and Immel's. Their argument is unavailing. Whether RLB and Immel are innocent is irrelevant to whether Wesco is obligated to defend and indemnify them in the School District Lawsuits. The School Districts' fee actions are not covered under the Policies because the *subject matter* of the litigation is not covered. Wesco is simply not in the business of insuring lawyers and law firms for sanction exposure (at least not under these Policies).

Because the subject matter of the insurance claims Defendants submitted to Wesco is not covered under the Policies as a matter of law, the Court grants summary judgment in favor of Wesco and hereby declares that Wesco is not obligated to defend or indemnify any Defendants in the School District Lawsuits.

**IV. Conclusion**

For the reasons stated above, Plaintiff's motion for summary judgment (ECF No. 55) is granted, and Defendants' motions for summary judgment (ECF Nos. 53 and 56) are denied. The Counterclaim filed by Defendant/Counter-Claimants Roderick Linton Belfance LLP and Kristopher Immel (*see* ECF No. 50) against Plaintiff for declaratory judgment and breach of contract, is dismissed. Counts One and Two of the Counterclaim filed by Defendants/Counter-

---

[9](...continued)
that Wesco does not have a duty to indemnify Defendants in the underlying IDEA fee actions.

12

(1:17CV1813)

Claimants Jason D. Wallace and Daniel R. Bache (*see* ECF No. 25) against Plaintiff are also dismissed.

    IT IS SO ORDERED.

| | |
|---|---|
|   September 19, 2018 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |